No. 99-596

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 192

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ALBERT F. CHARLO,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Albert F. Charlo, Pro se, Deer Lodge, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Jennifer Anders,

Assistant Attorney General, Helena, Montana

Fred R. Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs: March 23, 2000

Decided: July 18, 2000

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1 By Information filed in the District Court for the Fourth Judicial District in Missoula County, the Defendant, Albert Charlo (Charlo), was charged with aggravated assault, a felony, in violation of § 45-5-202, MCA (1985). Following a jury trial in 1986, Charlo was convicted of aggravated assault and sentenced to 20 years in prison for the aggravated assault and an additional 10 years for using a dangerous weapon during the commission of the offense. In 1999, Charlo filed a petition for postconviction relief in the District Court. The District Court dismissed Charlo's petition for postconviction relief as untimely. Charlo appeals from the District Court's dismissal of his petition. We affirm the order of the District Court.

¶2 The sole issue presented on appeal is whether the District Court erred when it dismissed Charlo's petition for postconviction relief.

## FACTUAL BACKGROUND

¶3 On November 14, 1985, the State filed an Information against Charlo which charged him with the offense of aggravated assault, a felony, in violation of § 45-5-202, MCA (1985). The Information stated that "on or about October 3, 1985, the above-named Defendant purposely or knowingly caused serious bodily injury to Walter 'Sonny' Steele by stabbing him with a knife."

¶4 A jury trial was held on March 4 through 11, 1996. Charlo was convicted of aggravated assault and judgment was entered against him on April 16, 1986. The District Court sentenced Charlo to 20 years for the aggravated assault and 10 years for the use of a dangerous weapon in the commission of the aggravated assault. The District Court ordered Charlo's sentences to run consecutively. Charlo's conviction and sentence were affirmed by this Court on March 31, 1987, in *State v. Charlo* (1987), 226 Mont. 213, 735 P.2d 278.

¶5 On April 14, 1999, Charlo filed a petition for postconviction relief in the District Court. Charlo argued that the imposition of the additional ten-year sentence for using a dangerous

weapon violated the prohibition against double jeopardy found at Article II, Section 24 of the Montana Constitution, as interpreted in *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P.2d 312.

¶6 On August 4, 1999, the District Court applied the applicable five-year statute of limitations pursuant to § 46-21-102, MCA, and dismissed Charlo's petition for postconviction relief, concluding that, because this Court's holding in *Guillaume* did not apply to Charlo's case, no fundamental miscarriage of justice would occur based on the District Court's application of the procedural bar to Charlo's petition.

## STANDARD OF REVIEW

¶7 The standard of review of a district court's denial of a petition for postconviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *See State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9.

## DISCUSSION

¶8 Did the District Court err when it dismissed Charlo's petition for postconviction relief?

¶9 Charlo contends that his sentence of 20 years for the aggravated assault and the additional sentence of 10 years for use of a dangerous weapon in the commission of the aggravated assault, is in violation of the prohibition against double jeopardy found at Article II, section 25 of the Montana Constitution as interpreted in *Guillaume*. There we held that a person convicted of felony assault, which requires the use of a weapon as an element of the underlying offense, is protected by the double jeopardy provision of the Montana Constitution from receiving an enhanced sentence for using a dangerous weapon.

¶10 In response, the State asserts that Charlo's petition for postconviction relief, which was filed in April 1999, is barred by the five-year statute of limitations. Therefore, the State contends that pursuant to *State v. Redcrow*, 1999 MT 95, 294 Mont. 252, 980 P.2d 622, Charlo's petition cannot be considered absent a fundamental miscarriage of justice. The State argues that no fundamental miscarriage exception applies in this case because *Guillaume* dealt with felony assault which requires use of a weapon as an element of the offense, whereas Charlo's aggravated assault conviction did not require use of a weapon as an element of the offense. Therefore, the State contends that *Guillaume* does not apply.

¶11 In *Hawkins v. Mahoney*, 1999 MT 82, 294 Mont. 124, 979 P.2d 697, we held that "[t]o determine whether a petition is timely, this Court looks to the statute of limitations in effect at the time the petition for postconviction relief is filed, not to the statute in effect at the time of the conviction." *Hawkins*, ¶ 9. Section 46-21-102, MCA, was amended in 1991, and remained a five-year statute of limitations until further amendments in 1997 reduced the period of limitation to one year. However, as we stated in *Hawkins*:

> The 1997 amendments only apply to proceedings in which the conviction became final after April 24, 1997, or during the 12 months prior to April 24, 1997, if a petition under Title 46, chapter 21, has been filed within the 12 months after April 24, 1997.

*Hawkins, ¶ 10.*

¶12 Accordingly, because Charlo's conviction became final on March 31, 1987, and his petition was filed on April 14, 1999, the five-year statute of limitations applies. Nevertheless, Charlo's petition was filed 12 years after his conviction became final, and is clearly in violation of the five-year statute of limitations.

¶13 However, in *Redcrow*, we held that there is a limited exception to the procedural bar of § 46-21-102, MCA. *Redcrow,* ¶ 31. We further stated that "waiver of the time bar is only justified by a clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity." *Redcrow,* ¶ 34.

¶14 In *Guillaume*, this Court held that the application of the weapon enhancement statute to felony convictions where the underlying offense requires proof of use of a weapon violates the double jeopardy provision of Article II, section 25 of the Montana Constitution. *Guillaume,* ¶ 16. In *Guillaume*, we stated:

> The only factor raising Guillaume's charge from misdemeanor assault to felony assault was his use of a weapon. We interpret this distinction between the two offenses, and the different penalties imposed by each offense, as the legislature's way of punishing a criminal defendant for use of a weapon in committing an assault. Thus, when the weapon enhancement statute was applied to Guillaume's felony assault conviction, Guillaume was subjected to double punishment for use of a weapon: once when the charge was elevated from misdemeanor assault to felony assault, and again when the weapon enhancement statute was applied. We agree

with Guillaume that this form of double punishment is exactly what double jeopardy was intended to prohibit.

*Guillaume, ¶ 18.*

¶15 Recently, in *State v. Keith*, 2000 MT 23, 57 St.Rep. 120, 995 P.2d 966, this Court held that the application of the weapon enhancement statute, § 46-18-221, MCA, to a conviction in which the underlying offense does not require use of a weapon as an element of the crime, did not constitute double jeopardy. In *Keith*, we stated the following:

> Nevertheless, Keith argues that if she had not fired the gun she would not have been convicted of and received a 10-year sentence for the offense of criminal endangerment. She asserts that the additional 10-year sentence she received under the weapon enhancement statute is a double jeopardy violation because she has been punished twice for the use of a weapon as in *Guillaume*.

*Keith, ¶ 38.*

> Keith misses the point of the double jeopardy analysis under *Guillaume*. That analysis is based on the statutory definition of the underlying offense, i.e., whether one of the elements of the offense requires proof of the use of a weapon. Criminal endangerment does not. The fact that Keith used a weapon when she committed that offense and was thus sentenced to an additional term under the weapon enhancement statute did not result in multiple punishment for the same offense because the offense of criminal endangerment, by its own terms, does not specifically increase a defendant's punishment for the use of a weapon. Hence, application of the weapon enhancement statute to the crime of criminal endangerment is not a double jeopardy violation.

*Keith, ¶ 39.*

¶16 Charlo's assertion that *Guillaume* applies to his conviction for aggravated assault is also incorrect. Charlo was convicted of aggravated assault in violation of § 45-5-202, MCA (1985). Aggravated assault requires that a person "purposely or knowingly causes serious bodily injury to another." *See* § 45-5-202, MCA (1985). The offense of aggravated assault does not require the use of a weapon as an element of the offense. Therefore, when Charlo received an enhanced sentence for using a weapon in the commission of the

aggravated assault, pursuant to § 46-18-221, MCA, he was not being punished twice for the use of a weapon. Accordingly, our holding and rationale in *Guillaume* has no application to Charlo's case.

¶17 Charlo's petition for postconviction relief is procedurally barred by § 46-21-102, MCA. Because this Court's rationale in *Guillaume* does not apply, and because *Guillaume* is the sole basis for Charlo's petition, Charlo is unable to show that the fundamental miscarriage of justice exception should be applied in this case. Accordingly, we conclude that the District Court did not err when it dismissed Charlo's petition for postconviction relief on the basis that it was time barred pursuant to § 46-1-102, MCA.

¶18 We affirm the judgment of the District Court.


/S/ TERRY N. TRIEWEILER

We Concur:

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART