No. 00-499

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 190N

CRAIG ANDREWS,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

Honorable Diane G. Barz, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Craig Andrews, Pro Se, Shelby, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; John

Paulson, Assistant Attorney General, Helena, Montana

Dennis Paxinos, County Attorney; Kevin R. Peterson,

Deputy County Attorney, Billings, Montana

Submitted on Briefs: March 29, 2001
Decided: September 19, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c) Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Craig Andrews (Andrews) appeals from the order of the Thirteenth Judicial District Court denying postconviction relief. The District Court held that Andrews' claims of ineffective assistance of counsel lacked merit. We affirm.

¶3 The following issue is raised on appeal:

¶4 Did the District Court err when it held Andrews failed to substantially support his allegation of ineffective assistance of counsel as required by § 46-21-104, MCA?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 On July 22, 1998, Andrews pled guilty to felony partner or family member assault (PFMA). At the time Andrews pled guilty to the PFMA charge, Mark English of the Yellowstone County Public Defender's Office represented him. Prior to sentencing on the PFMA charge, Andrews was charged with two separate counts of felony driving while under the influence of alcohol (DUI). In December 1998, due to a conflict of interest involving one of the DUI charges, Brian Kohn replaced Mark English as Andrews' counsel for the PFMA sentencing and both DUI charges.

¶6 Pursuant to a plea bargain agreement which Mr. English initially negotiated and Mr. Kohn finalized, Andrews pled guilty to one DUI charge and the second DUI charge was

dismissed. On February 19, 1999, the District Court held a consolidated sentencing hearing on the PFMA and DUI charges. The District Court sentenced Andrews to five years on the PFMA charge and a consecutive six-month sentence on the DUI charge. While Mr. Kohn represented Andrews at this sentencing proceeding, he did not represent Andrews when he pled guilty to the PFMA charge approximately seven months earlier.

¶7 Andrews filed a *pro se* petition for postconviction relief based on various grounds. However, the crux of Andrews' petition is ineffective assistance of counsel. In particular, Andrews alleges that Mr. Kohn was ineffective when he failed to: 1) inform him of the exact lesser included charges applicable in the PFMA case; 2) review the Pre-Sentence Investigation Report (PSI) with him; and 3) appeal his sentence. Additionally, Andrews filed a motion to withdraw his guilty plea in the PFMA case. The District Court held Andrews failed to substantially support his allegations and denied Andrews' petition.

## STANDARD OF REVIEW

¶8 The standard of review of a district court's denial of a petition for postconviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Charlo*, 2000 MT 192, ¶ 7, 300 Mont. 435, ¶ 7, 4 P.3d 1201, ¶ 7; *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9.

## DISCUSSION

¶9 Did the District Court err when it held Andrews failed to substantially support his allegation of ineffective assistance of counsel as required by § 46-21-104, MCA?

¶10 A petition for postconviction relief must clearly set forth alleged violations and "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(a), (c), MCA. To support a claim of ineffective assistance of counsel, a defendant must show: 1) counsel made errors so serious that his conduct fell short of the range of competence required of attorneys in criminal cases; and 2) counsel's errors were prejudicial. *State v. Boyer* (1985), 215 Mont. 143, 146-47, 695 P.2d 829, 831.

¶11 In Andrews' first ineffective assistance of counsel claim he alleges that prior to entry of his guilty plea, Mr. Kohn failed to inform him of the exact lesser included charges applicable to the PFMA charge. The District Court found that Mr. Kohn was not Andrews'

counsel when he pled guilty to this charge. Rather, Mr. English represented Andrews when he pled guilty. Furthermore, Andrews was informed of the possible lesser included offense of misdemeanor assault in the Acknowledgment of Waiver of Rights which he signed before he pled guilty. In addition, the District Court explained that since this was Andrews' third conviction for PFMA it was an automatic felony under § 45-5-206, MCA. Thus, no lesser included offenses were relevant in Andrews' case. Andrews does not challenge the District Court's conclusions in his appeal.

¶12 Andrews next contends Mr. Kohn failed to review the PSI with him before sentencing. The District Court found Mr. Kohn discussed an error in the PSI during sentencing and Andrews did not indicate that he had not received the PSI nor did he raise any other concerns regarding his understanding of the PSI during the sentencing hearing. Again, Andrews does not claim the District Court erred in reaching this conclusion.

¶13 Finally, Andrews faults Mr. Kohn because he failed to appeal his sentence. An attorney must preserve a defendant's right to appeal when he has requested notice be filed. *Roe v. Flores-Ortega* (2000), 528 U.S. 470, 477, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985, 995. Here, the District Court found Andrews had failed to present any affidavits or documentation in support of his claim that he requested Mr. Kohn file an appeal. On appeal, Andrews does not cite to any affidavits, records, or other evidence in support of this claim. We hold Andrews has failed to support his allegation that he requested an appeal be filed and that Mr. Kohn abandoned his appeal.

¶14 Andrews has not identified or established any facts to support his claims of ineffective assistance of counsel as required by § 46-21-104, MCA. We therefore affirm the District Court.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ PATRICIA COTTER

/S/ JIM REGNIER

/S/ JIM RICE