No. 00-867

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 203N

DAVID RONEMUS,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

Honorable John W. Larson, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

David Ronemus, Pro Se, Missoula, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; John Paulson,

Assistant Attorney General, Helena, Montana

Fred Van Valkenburg, County Attorney, Missoula, Montana

_____

Submitted on Briefs: April 19, 2001

Decided: October 4, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

1. ¶Pursuant to Section I, Paragraph (3)(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

2. ¶David Ronemus (Ronemus) appeals from the Fourth Judicial District Court's order denying his Motion for Correction of Credit for Time Served. The District Court, analyzing Ronemus' motion as one for good time credit, held Ronemus was not entitled to an unspecified 169 days of good time credit. We remand for further proceedings consistent with this opinion.

3. ¶The following issue is raised on appeal:

4. ¶Did the District Court err when it construed Ronemus' motion for credit for time served as a request for good time credit and denied his motion without requiring a response to the motion or holding an evidentiary hearing?

## FACTUAL AND PROCEDURAL BACKGROUND

### Factual Background

1. ¶In 1995, Ronemus pled guilty to felony issuing bad checks and felony theft in Missoula. He was sentenced, served his prison time, completed his period of parole and began his probationary period. On December 21, 1998, a petition to revoke his probation was filed because Ronemus' whereabouts were unknown and he had failed to report to his probation officer or pay required restitution.

2. ¶The Fourth Judicial District Court issued a warrant for Ronemus' arrest for violation of probation and set bond in the amount of $10,000. The warrant was served on Ronemus on April 1, 1999, in Cascade County. It appears Ronemus posted bond and was released. On the same day, Ronemus was charged with three felony offenses in Cascade County: theft, forgery and violation of release.

3. ¶ On April 21, 1999, Ronemus was arrested on the three Cascade County offenses and was released from jail on bond. In addition, a letter from the Anderson Bonding Company indicates bond was also posted for Ronemus' probation violation offense.

4. ¶Ronemus failed to appear for his probation revocation proceedings in Missoula on

May 19, 1999, and May 26, 1999. A second warrant was issued for his arrest and bond was set in the amount of $10,000. Meanwhile, on May 17, 1999, Ronemus was again arrested in Cascade County for felony issuing a bad check and released on bond. On August 4, 1999, the Anderson Bonding Company revoked Ronemus' bond for the Missoula probation violation and reported that Ronemus was in the Cascade County Jail.

5. ¶On August 9, 1999, the second Missoula probation violation warrant was served on Ronemus at the Teton County Sheriff's office. Ronemus was then detained at the Cascade County Jail from August 10, 1999, until he was transferred to the Montana State Prison (MSP) on the Cascade County offenses on May 10, 2000. During this time, Ronemus was periodically transported from the Cascade County Jail to the Missoula County Jail for his probation revocation proceedings.

6. ¶The Missoula District Court revoked Ronemus' probation on June 30, 2000. At the same time, the District Court, after reviewing the Cascade County Pre-Sentence Investigation Report (PSI) prepared prior to Ronemus' sentencing on the Cascade County offenses, sentenced him to a total of five years in MSP. The court ordered this sentence to run concurrently with Ronemus' Cascade County sentences in which he pled guilty to three felonies and was sentenced to concurrent terms of 10 years at MSP with eight years suspended.

7. ¶In Ronemus' Cascade County sentences, he was given credit for time served from August 10, 1999, to May 10, 2000. This period of time includes the time Ronemus periodically served in the Missoula County Jail for revocation proceedings. In the Missoula sentence, however, the District Court credited Ronemus for time he served in the Missoula County Jail only. It did not award credit for any time Ronemus served in the Cascade County Jail prior to his sentencing on the probation violation charge.

## Procedural Background

1. ¶Approximately three months after receiving his Missoula sentence, Ronemus filed a *pro se* Motion for Correction of Time Served in Missoula District Court. In his Motion, Ronemus requested the District Court review his sentence. He claimed that while the District Court properly allowed credit for the 104 days he served in the Missoula County Jail, it failed to credit an additional 169 days for the time he was held in Cascade County on the probation violation charge. Citing § 46-18-403(1), MCA, Ronemus argued that he was entitled to credit for all of the days he was detained prior to sentencing on the probation violation charge even if he was housed

in the Cascade County Jail on additional offenses.

2. ¶The District Court ruled on Ronemus' motion five days later without a response from the State or an evidentiary hearing. The District Court construed Ronemus' motion as a petition for post-conviction relief and/or writ of habeas corpus. Then, the court analyzed Ronemus' motion as a request for good time credit on the 104 days of credit for time served the District Court awarded against Ronemus' sentence on the probation violation charge. Finally, the court stated Ronemus failed to identify the "specific days for which he claims 169 days credit for good time," and the court denied Ronemus' motion for 169 days of additional "good time" credit.

3. ¶Approximately one week after the court issued its order, Ronemus filed a motion for review of the order. He claimed that the order was clearly mistaken because his earlier motion concerned credit for time served and had nothing to do with good time credit. On the front of this motion to review, the District Court judge wrote "Denied," the date, and his signature.

4. ¶In his *pro se* appeal, Ronemus asserts the Missoula District Court abused its discretion when it denied him credit for all of the time he served on the probation violation charge from August 10, 1999, until May 10, 2000. While he specifies these dates on appeal, he did not specify them in his motion to the District Court. Accordingly, the State contends Ronemus' motion was "facially insufficient" because it did not provide the District Court with sufficient factual assertions and argument to support his request for credit for presentence time in jail, and the District Court properly denied it. Furthermore, the State emphasizes Ronemus may not supplement the trial court record on appeal. In addition, the State claims Ronemus' probation violation charge was not a bailable offense for purposes of receiving credit. The State also asserts Ronemus failed to establish he is entitled to "duplicate credit" for the time he spent in the Cascade County Jail against his Missoula County sentence for probation violation.

## STANDARD OF REVIEW

1. ¶The standard of review of a district court's denial of a petition for post-conviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Charlo*, 2000 MT 192, ¶ 7, 300 Mont. 435, ¶ 7, 4 P.3d 1201, ¶ 7; *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9. The decision to hold an evidentiary hearing in a post-conviction relief proceeding is discretionary and reviewed for abuse of discretion. *Hanson*, ¶ 9.

# DISCUSSION

1. ¶Did the District Court err when it construed Ronemus' motion for credit for time served as a request for good time credit and denied his motion without requiring a response to the motion or holding an evidentiary hearing?

2. ¶A district court may construe a sentencing motion as a petition for post-conviction relief. *State v. Howard* (1997), 282 Mont. 522, 525, 938 P.2d 710, 712. If a district court finds that a post-conviction relief petition and the files and records of a case conclusively show a petitioner is not entitled to relief, the court need not serve the petition on the county attorney or attorney general, and the petition may be dismissed. Section 46-21-201(1)(a), MCA. However, if the court determines a petitioner may be entitled to relief, such notice must be given and the court must order responsive pleadings and, if deemed necessary, receive additional evidence or hold an evidentiary hearing. Section 46-21-201(1)(a) and (5), MCA.

3. ¶Here, Ronemus filed his petition for credit for time served and served it on the Missoula County Attorney's Office. The District Court denied his petition "for good time credit" five days later without requiring a responsive pleading, and it summarily dismissed Ronemus' motion for review. In so doing, we find the District Court erred in two respects.

4. ¶ First, the District Court mistakenly viewed Ronemus' petition as a request for good time credit when Ronemus clearly sought credit for time served. In his petition, Ronemus cited § 46-18-403, MCA, a credit for time served statute, as well as *City of Billings v. Layzell* (1990), 242 Mont. 145, 789 P.2d 221, a credit for time served case. Additionally, he referenced the pre-sentence credit he received for the 104 days he served in the Missoula County Jail, traveling from the Missoula County Jail to the Cascade County Jail on a bailable offense, and the District Court's failure to consider the proper credit for time served in its order. Although Ronemus' petition did not specify the exact days for which he sought credit for time served, there is no question as to the relief he sought. Moreover, if there was any question, Ronemus' subsequent motion for review of the District Court's order in which he states his initial motion did not "even hint that he was seeking good time," should have remedied any confusion as to the nature of his request. We hold the District Court incorrectly characterized Ronemus' claim as one for good time credit rather than credit for time served, and we remand this case to the court for review of Ronemus' credit for time served issue.

5. ¶The District Court's second point of error is intertwined with its first. We hold the District Court erred when failing to order a responsive pleading before ruling on

Ronemus' petition. While the court held Ronemus failed to identify the specific days for which he claimed 169 days of credit, the record in this case does not conclusively show Ronemus is not entitled to any relief.

6. ¶A person held on a bailable offense against whom a judgment of imprisonment is rendered must be allowed credit for time served for each day of incarceration prior to or after conviction. Section 46-18-403, MCA. Similarly, in probation violation proceedings, a judge must allow credit for time served in a detention center before a sentence is revoked. Section 46-18-203(7)(b), MCA.

7. ¶Here, we agree with the State that § 46-18-203(7)(b), MCA, dealing with probation revocation proceedings is applicable in this case. Yet, we do not find Ronemus was detained on a non-bailable offense since he was offered bail, and indeed posted bail, on the probation violation charge. In addition, after reviewing the record, we conclude that if Ronemus was being held alternately in Missoula County and Cascade County on his probation violation charge and Cascade County offenses, he is entitled to duplicate credit during that time. Section 46-18-203(7)(b), MCA, does not permit a district court to withhold credit for time already served towards one sentence because credit was given on other sentences which run concurrently. Consequently, if it is determined Ronemus was being held in the Cascade County Jail on his Missoula probation violation in addition to his Cascade County offenses, the Missoula District Court must give Ronemus credit for time served in the Cascade County Jail even though his Missoula sentence runs concurrently with the Cascade County sentences which have been credited with time already served in Cascade County.

8. ¶Because the files and records of this case indicate Ronemus may be entitled to the relief he seeks, we hold the District Court abused its discretion when denying Ronemus' petition without requiring a response from the State under § 46-21-201(1)(a), MCA. Had the court followed the proper procedure, the record could have been developed as to the nature of Ronemus' request for relief and the exact time period involved. As it stands now, however, the District Court effectively limited the record in this case. In such circumstances, Ronemus cannot be faulted for failing to sufficiently set forth his claim or for supplementing the record on appeal.

9. ¶We remand this case for further proceedings in which the District Court will revisit Ronemus' petition, order responsive pleadings and, if deemed necessary, hold an evidentiary hearing as to the appropriate number of days Ronemus should receive as credit for time served against his Missoula probation violation sentence.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ PATRICIA COTTER