IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 93-517

IN RE THE PETITION OF ) OPINION

WALTER JAMES MANULA ) AND
) O R D E R

FILED

DEC 28 1993

*Ed Smith*

CLERK OF SUPREME COU
STATE OF MONTANA

James Manula (Petitioner) has filed herein his petition for postconviction relief. He claims, among other things, that he was denied his right to an appeal. We disagree, and conclude that ruling is also dispositive of his other claims for postconviction relief. Petitioner's petition presents an issue of first impression in Montana.

## Background

In August 1990, Petitioner was charged by information in Beaverhead County Cause No. DC 90-2355 with one count of sexual intercourse without consent and one count of aggravated kidnapping, both felonies alleged to have been committed on or about August 16, 1990. Petitioner appeared in court with appointed counsel, pled not guilty to those charges and was released on bond.

While free on bond, Petitioner committed and was charged in Beaverhead County Cause No. DC 90-2364 with other felonies including sexual intercourse without consent, incest, aggravated kidnapping and criminal mischief. Petitioner appeared with the same appointed counsel and pled not guilty to those charges in October 1990. Petitioner stood trial on those charges in July 1991, and was found guilty on all counts by a jury.

1

Prior to sentencing in Cause No. DC 90-2364, Petitioner entered into a plea agreement with the State in order to dispose of the outstanding charges in Cause No. DC 90-2355. The State agreed to recommend specific sentences in both causes of action in exchange for Petitioner's agreement not to pursue a direct appeal of his jury convictions in Cause No. DC 90-2364 and in consideration for his agreement to abide by various other requirements and conditions attendant to his incarceration and following his release on parole.

As a part of the plea agreement, Petitioner executed an "Acknowledgement of Waiver of Rights" form setting forth the agreed-upon terms and the specific rights which Petitioner was waiving by entering into the plea agreement. The plea agreement also contained Petitioner's handwritten "Alford" plea to the charges in Cause No. DC 90-2355: "I believe the State can obtain a guilty verdict from a jury."

In October 1991, Petitioner, appearing with counsel, changed his plea to guilty to the charges in Cause No. DC 90-2355. Following a sentencing hearing, the District Court adopted the terms of the plea agreement and sentenced Petitioner on both causes of action to 40 years' imprisonment with 20 years suspended, non-dangerous. The District Court specifically noted that, in accordance with the plea agreement, Petitioner was waiving his right to appeal, although he was not barred from pursuing sentence review.

On October 14, 1993, Petitioner filed this petition for

2

postconviction relief alleging, among other things, denial of his right to appeal, ineffective assistance of counsel, illegal incarceration prior to being charged, lack of evidence and other claims arising out of his jury convictions in Cause No. DC 90-2364.

## I. Denial of Appeal

Petitioner alleges that he was denied his right of appeal by reason of the failure of his attorney to file an appeal. That is not the case, however. Here, Petitioner, as a part of his plea agreement, specifically and in writing, waived his right to appeal.

While an issue of first impression in Montana, other federal and state courts have adopted the rule that, as with other rights which are waived upon entry of a guilty plea, a defendant's waiver of his right to appeal will not be invalidated so long as his waiver of that right is done intelligently, voluntarily and with an understanding of the consequences. See, for example, United States v. DeSantiago-Martinez (9th Cir. 1992), 980 F.2d 582, citing United States v. Bolinger (9th Cir. 1991), 940 F.2d 478, 480, and United States v. Navarro-Botello (9th Cir. 1990), 912 F.2d 318, 319, 321-22, cert. denied 112 S.Ct. 1488 (1992); United States v. Wiggins (4th Cir. 1990), 905 F.2d 51; Barnes v. Lynaugh (5th Cir, 1987), 817 F.2d 336; Johnson v. United States (7th Cir. 1988), 838 F.2d 201; People v. Nichols (Ill. 1986), 493 NE 2d 677; State v. Perkins (Wash. 1987), 737 P.2d 250; People v. Olson (Cal. App. Ct. 1989), 264 Cal. Rep. 817; People v. Seaberg (N.Y. 1989), 543 N.Y.S. 2d 968; People v. Rodriguez (Mich. 1991), 480 NW 2d 287; and the cases collected at 89 ALR 3d 864.

3

In the instant case, the record reflects that Petitioner was well aware that he was forfeiting his right of appeal by executing the plea agreement. Not only did the Acknowledgement of Waiver of Rights form which he signed specifically waive his "..right to appeal any finding of Guilty...," but the Beaverhead County Attorney's letter offering the plea agreement, attached to the Acknowledgement of Waiver of Rights form, also unequivocally made Petitioner's waiver of appeal of his convictions under Cause No. DC 90-2364 a condition for the State's entry into the agreement.

Furthermore, at the sentencing hearing the District Court made specific inquiry of Petitioner's counsel regarding the appeal waiver, and counsel advised that he had thoroughly discussed the pros and cons of the waiver with his client.

We conclude that Petitioner's waiver of his right to appeal in this case conforms with the voluntary, intelligent and understanding appeal waiver found and upheld by the Ninth Circuit in DeSantiago: the agreement signed by the defendant contained an express waiver of the right of appeal, and the record reflects that the waiver was discussed by the defendant with his counsel.

Accordingly, we hold that Petitioner, here, effectively waived his right of direct appeal.

## II. Procedural Bar of Other Postconviction Claims

From Petitioner's waiver of his right of direct appeal, it follows that his other claims for postconviction relief are procedurally barred.

Section 46-21-105(2), MCA, provides:

4

When a petitioner has been afforded a direct appeal of the petitioner's conviction, grounds for relief that could reasonably have been raised on direct appeal may not be raised in the original or amended petition.

We have applied that statutory bar consistently in order to prevent the abuse of postconviction relief by criminal defendants who would substitute those proceedings for direct appeal and in order to preserve the integrity of the trial and direct appeal. See, for example, In re the Petition of Evans (1991), 250 Mont. 172, 819 P.2d 156; Tecca v. McCormick (1990), 246 Mont 317, 806 P.2d 11; State v. Gorder (1990), 243 Mont 333, 792 P.2d 370; Duncan v. State (1991), 243 Mont. 232, 794 P.2d 331; In re Petition of Martin (1989), 240 Mont. 419, 787 P.2d 746.

Here, Petitioner was afforded the right of direct appeal, and he voluntarily waived that right in his written plea agreement. Accordingly, we hold that he is procedurally barred under § 46-21-105(2), MCA, from raising his various other claims for postconviction relief.

## ORDER

IT IS HEREBY ORDERED that Petitioner's petition for postconviction relief should be and the same is, hereby, DENIED.

Dated this 28th day of December, 1993.

_____
Chief Justice

_____

_____

_____

_____

_____

_____
                        Justices