No. 96-185

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

WALTER J. MANULA,

Petitioner and Appellant,

v.

MIKE MAHONEY, Warden of the Montana
State Prison, Department of Corrections.
CRAIG THOMAS, Executive Secretary,
BOARD OF PARDONS, et al.,

Respondents and Respondents.

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Beaverhead,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Walter J. Manula, Pro Se, Deer Lodge, Montana

For Respondents:

Hon. Joseph P. Mazurek, Attorney General,
Jennifer Anders, Ass't Attorney General,
Helena, Montana

Lois Adams, Legal Counsel, Department of Corrections
and Human Services, Helena, Montana

Calvin J. Erb, Deputy County Attorney, Dillon,
Montana

Submitted on Briefs: November 14, 1996

Decided: December 10, 1996

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Walter J. Manula (Manula), appearing pro se, appeals from the order of the Fifth Judicial District Court, Beaverhead County, denying his petition for postconviction relief. We affirm.

The sole issue on appeal is whether the District Court erred in concluding that Manula was not entitled to the relief he requested and in denying his petition for postconviction relief on that basis.

In August of 1990, the State of Montana (State) charged Manula with having committed the felony offenses of sexual intercourse without consent and aggravated kidnapping (the initial charges). The State subsequently charged Manula with additional felonies allegedly committed while he was free on bond after entering not guilty pleas to the initial charges, including sexual intercourse without consent and aggravated kidnapping (the second charges). Manula pleaded not guilty to the second charges in October of 1990. A jury convicted him of the second charges in the summer of 1991.

Prior to sentencing on the second charges, Manula and the State entered into a plea bargain agreement to dispose of the

2

initial charges. Among other things, Manula agreed not to appeal his convictions on the second charges in return for specific sentencing recommendations by the State on both the initial and second charges. Manula executed an Acknowledgement of Waiver of Rights by Plea of Guilty regarding the initial charges and entered Alford pleas on those charges.

In October of 1991, the District Court accepted Manula's guilty pleas on the initial charges. The court adopted the terms of the plea agreement and sentenced Manula, on all charges, to 40 years' imprisonment with the last 20 years suspended on conditions.

In October of 1993, Manula filed a petition for postconviction relief with this Court alleging, among other things, a denial of his right to appeal, by reason of his attorney's failure to file an appeal, and ineffective assistance of counsel. Relying on decisions from the United States Court of Appeals for the Ninth Circuit and other courts, we determined that a waiver of the right to appeal is not invalid so long as the waiver is done voluntarily, intelligently and with understanding of the consequences. Petition of Manula (1993), 263 Mont. 166, 168, 866 P.2d 1127, 1128 (citations omitted). In Manula's case, his execution of the Acknowledgement of Waiver of Rights which contained an express waiver of the right to appeal, together with the district court's specific inquiry about the waiver, established that the waiver was done voluntarily, intelligently and with understanding of the consequences. On that basis, we held that Manula had effectively waived his right of direct appeal. Petition of Manula, 866 P.2d at

3

1129.

With regard to Manula's other claims for postconviction relief, we looked to the procedural bar contained in § 46-21-105(2), MCA. Under that statute, a postconviction petitioner who has been afforded a direct appeal is precluded from raising grounds for relief via postconviction proceedings that could reasonably have been raised on direct appeal. Petition of Manula, 866 P.2d at 1129. Applied to Manula's circumstances, we determined that he had been afforded a direct appeal but voluntarily waived his right to take the appeal. On that basis, we held that Manula was procedurally barred under § 46-21-105(2), MCA, from raising the other claims contained in his petition for postconviction relief. Petition of Manula, 866 P.2d at 1129.

Manula filed the petition for postconviction relief presently at issue on March 29, 1996, pursuant to § 46-21-101, MCA. He sought modification of the sentencing order on both the initial and second charges which was filed October 7, 1991, with regard to an alleged ambiguity in that order relating to completion of the sexual offender program at the Montana State Prison. The District Court denied his petition and Manula appeals.

> Did the District Court err in concluding that Manula was
> not entitled to the relief sought and in denying his
> petition for postconviction relief on that basis?

We review conclusions of law contained in a district court's denial of a petition for postconviction relief to determine whether the court's interpretation of the law is correct. State v. Baker (1995), 272 Mont. 273, 280, 901 P.2d 54, 58.

4

Postconviction relief proceedings in Montana are governed by statute. Manula's petition was filed under § 46-21-101, MCA, the statute generally authorizing petitions for postconviction relief. In addition, Manula's petition was timely filed pursuant to § 46-21-102, MCA, which requires such a petition to be filed "within 5 years of the date of the conviction."

However, § 46-21-105(1), MCA, provides in pertinent part that all grounds for relief claimed by a petitioner for postconviction relief must be raised in the original or amended petition. Section 46-21-105(1), MCA, also provides that grounds for relief not so raised "are waived unless the court on hearing a subsequent petition finds grounds for relief that could not reasonably have been raised in the original or amended petition." As discussed above, Manula filed a petition for postconviction relief with this Court in 1993. That petition did not raise the grounds for relief raised in Manula's current petition which relate to the sentencing order entered in 1991, and Manula advances no reasonable explanation why they could not have been raised in his original petition. Accordingly, we conclude that Manula's claim for relief relating to the 1991 sentencing order is barred by § 46-21-105(1), MCA.

We hold that the District Court did not err in concluding that Manula was not entitled to the relief requested and in denying his petition for postconviction relief on that basis.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6

December 10, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Walter J. Manula
Inmate, Montana State Prison
700 Conley Lake Road
Deer Lodge MT 59722

Hon. Joseph P. Mazurek, Attorney General
Jennifer Anders, Assistant Attorney General
215 N. Sanders
Helena MT 59620

Lois Adams, Legal Counsel
Montana Department of Corrections
and Human Services
1539 Eleventh Avenue
Helena MT 59620

Calvin J. Erb
Deputy County Attorney
2 South Pacific Street, CL #2
Dillon MT 59725

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy