No. 98-661

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 226

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DALE HANSON,

Defendant and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Dale Hanson, *Pro Se*, Deer Lodge, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Carol Schmidt,

Assistant Attorney General; Helena, Montana

Thomas J. Esch, Flathead County Attorney; Eric S. Hummel,

Deputy Flathead County Attorney, Kalispell, Montana

Submitted on Briefs: August 19, 1999

Decided: September 27, 1999

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶ **Dale Hanson (Hanson) appeals from the order of the Eleventh Judicial District Court, Flathead County, denying his petition for postconviction relief. We affirm.**

¶ **We restate the issues on appeal as follows:**

¶ 1. Did the District Court err in denying Hanson's petition for postconviction relief for his trial court's failure to properly instruct the jury regarding unanimity?

¶ 2. Did the District Court abuse its discretion in denying Hanson's petition for postconviction relief for ineffective assistance of counsel without holding an evidentiary hearing?

## *BACKGROUND*

¶ The State of Montana (State) charged Hanson by information with one count of felony sexual assault and one count of felony deviate sexual conduct. After a four-day trial in March of 1995, the jury found Hanson guilty on both counts.

¶ Hanson subsequently moved for a new trial based on the court's alleged error in admitting, and his attorney's failure to object to, the testimony of the victim, the victim's therapist and Detective Lamb. The court denied the motion, Hanson appealed and we affirmed. *See State v. Hanson* (1997), 283 Mont. 316, 940 P.2d 1166.

¶ On June 30, 1998, Hanson petitioned the District Court for postconviction relief on the basis of ineffective assistance of counsel. Hanson later amended his petition to assert that, in light of *State v. Weaver*, 1998 MT 167, 290 Mont. 58, 964 P.2d 713, his jury trial was fundamentally unfair because the trial court failed to instruct the jury that it had to reach a unanimous verdict as to at least one specific underlying act of sexual assault or deviate sexual conduct for each count charged.

¶ The District Court denied Hanson's petition for postconviction relief and Hanson appeals.

## *STANDARD OF REVIEW*

¶ We review the denial of a petition for postconviction relief to determine whether the trial court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Sullivan* (1997), 285 Mont. 235, 239, 948 P.2d 215, 218 (citation omitted). Discretionary rulings in postconviction relief proceedings, including rulings relating to whether to hold an evidentiary hearing, are reviewed for abuse of discretion. *See Sullivan*, 285 Mont. at 239, 948 P.2d at 218 (citation omitted).

*DISCUSSION*

¶ 1. Did the District Court err in denying Hanson's petition for postconviction relief for his trial court's failure to properly instruct the jury regarding unanimity?

¶ **Prior to deliberations at the end of Hanson's trial, the district court instructed the jury, in pertinent part, that "[t]he law requires the jury verdict in this case to be unanimous. Thus, all** twelve **of you must agree in order to reach a verdict whether the verdict be guilty or not guilty."**

¶ **After his direct appeal, Hanson petitioned for postconviction relief arguing that, under** *State v. Weaver***, 1998 MT 167, 290 Mont. 58, 964 P.2d 713, his fundamental constitutional right to a fair trial was violated by the trial court's failure to instruct the jury that a unanimous verdict was necessary regarding at least one specific underlying act of sexual assault and deviate sexual conduct to support a conviction on each charge. The District Court concluded that Hanson was procedurally barred under § 46-21-105, MCA, from raising this issue in his petition for postconviction relief because the issue could have been raised on appeal as it was--under the plain error doctrine--in** *Weaver***.**

¶ **Hanson does not directly challenge the District Court's conclusion and could not do so successfully. The cases on which the successful appellant relied in** *Weaver* **had been decided prior to Hanson's direct appeal in 1996.** *See Weaver***, ¶¶ 32-35, 37 (citing** *United States v. Holley* **(5th Cir. 1991), 942 F.2d 916;** *United States v. Echeverry* **(9th Cir. 1983), 719 F.2d 974;** *People v. Gordon* **(1985), 165 Cal. App. 3d 839, 212 Cal. Rptr. 174;** *State v. Weldy* **(1995), 273 Mont. 68, 902 P.2d 1). In addition, the common law plain error doctrine, pursuant to which we may review claimed errors implicating a defendant's fundamental constitutional rights even absent a contemporaneous objection, clearly has been available since** *State v. Finley* **(1996), 276 Mont. 126, 915 P.2d 208, and, indeed, Hanson relied on** *Finley* **in attempting to raise issues for the first time in his direct appeal.** *See Hanson***, 283 Mont. at 321-22, 940 P.2d at 1169.**

¶ **We consistently apply the statutory bar "in order to prevent the abuse of postconviction relief by criminal defendants who would substitute those proceedings for direct appeal and in order to preserve the integrity of the trial and direct appeal."** *In re Petition of Manula* **(1993), 263 Mont. 166, 169, 866 P.2d 1127, 1129.**

Because Hanson reasonably could have raised this instructional issue on direct appeal, pursuant to § 46-21-105, MCA, he is barred from raising it via petition for postconviction relief.

¶ Despite the statutory procedural bar, Hanson urges he is entitled to the retroactive application of *Weaver* in this proceeding to collaterally attack his conviction. We decline to address his argument.

¶ As was the case in *State v. Harris*, 1999 MT 115, ¶ 11, ___ P.2d ___, ¶ 11, 56 St.Rep. 481, ¶ 11, Hanson waived his right to raise the instructional error on appeal by failing to preserve it at trial. Unlike *Harris*, he did not attempt to raise it on direct appeal via the common law plain error doctrine. *See Harris*, ¶ 11. As a result, and as we concluded above, Hanson is statutorily barred from raising the issue in his petition for postconviction relief and we must continue to apply the statutory bar consistently in order to prevent the abuse of postconviction proceedings by criminal defendants. *See Petition of Manula*, 263 Mont. at 169, 866 P.2d at 1129.

¶ We hold that the District Court correctly concluded that Hanson's *Weaver*-based claim for postconviction relief was procedurally barred under § 46-21-105(2), MCA. On that basis, we further hold that the District Court did not err in denying Hanson's petition for postconviction relief for his trial court's failure to properly instruct the jury regarding unanimity.

¶ 2. Did the District Court abuse its discretion in denying Hanson's petition for postconviction relief for ineffective assistance of counsel without holding an evidentiary hearing?

¶ Hanson's second claim for postconviction relief was ineffective assistance of counsel. He alleged that his trial counsel failed to call character witnesses who were present and waiting to testify at his trial, to play taped conversations in their entirety at trial, and to adequately prepare him for--and advocate for him at--the sentencing hearing. The District Court denied this portion of Hanson's petition on several bases, including Hanson's failure to comply with § 46-21-104(1)(c), MCA, which requires a postconviction petition to "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts."

¶ Hanson contends the District Court erred. He asserts that because his petition was verified as required by § 46-21-103, MCA, it was not necessary that he attach evidence establishing the existence of the facts identified in his petition as supporting his entitlement to relief. Hanson's argument ignores the separate and distinct requirements in §§ 46-21-103 and 46-21-104(1)(c), MCA.

¶ Section 46-21-103, MCA, addresses the commencement of a postconviction proceeding and requires that a petition for postconviction relief be verified. A "petition" is "a recital of facts which give rise to a cause of action." Black's Law Dictionary 1146 (6th ed. 1990). When a statute requires a verified petition, the petitioner must "confirm or substantiate [it] by oath or affidavit." *See* Black's Law Dictionary 1561 (6th ed. 1990). The purpose of verification is to assure good faith in a party's averments or statements. *See United States ex rel. Echevarria v. Silberglitt* (2d Cir. 1971), 441 F.2d 225, 226-27.

¶ Section 46-21-104, MCA, on the other hand, sets forth what the postconviction petition must contain. Section 46-21-104(1)(c), MCA, expressly requires that evidence--such as affidavits or records--establishing the existence of the facts on which the petition is based be attached to the petition. Allegations in a petition, even verified allegations as required for all petitions, are not evidence. Moreover, unsupported allegations are not sufficient to entitle a postconviction petitioner to an evidentiary hearing under § 46-21-201, MCA. *See Sullivan*, 285 Mont. at 240, 948 P.2d at 219.

¶ Here, Hanson's verified petition satisfies the requirements of § 46-21-103, MCA, for commencing a proceeding for postconviction relief. However, the petition does not satisfy the separate requirement contained in § 46-21-104(1)(c), MCA, that evidence establishing the facts alleged to provide a basis for relief be attached to the petition.

¶ We conclude that Hanson's unsupported petition did not comply with § 46-21-104 (1)(c), MCA, and as a result, the petition was not sufficient to entitle him to an evidentiary hearing. We hold, therefore, that the District Court did not abuse its discretion in denying Hanson's petition for postconviction relief for ineffective assistance of counsel without holding an evidentiary hearing.

¶ Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART