No. 01-622

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 321N

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

RANDALL BOYD TAYLOR,

        Defendant and Appellant.

FILED

DEC 19 2002

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
Honorable Gregory R. Todd, Judge Presiding

COUNSEL OF RECORD:

    For Appellant:

        Chad Wright, Appellate Defender, Helena, Montana

    For Respondent:

        Honorable Mike McGrath, Attorney General; John Paulson, Assistant
Attorney General, Helena, Montana

        Dennis Paxinos, County Attorney; Melodee Hanes, Deputy County
Attorney, Billings, Montana

Submitted on Briefs:   May 9, 2002

Decided:   December 19, 2002

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Randall Boyd Taylor (Taylor) appeals from the District Court's summary dismissal of his request for postconviction relief. We affirm.

¶3 Taylor raises the following issues on appeal:

¶4 1. Did the District Court err in dismissing Taylor's request for postconviction relief without requiring a responsive pleading from the State or conducting an evidentiary hearing?

¶5 2. Did the District Court err by failing to appoint counsel to represent Taylor in regard to his postconviction claims?

## Background

¶6 Taylor was charged with assault on a police officer, a felony, misdemeanor assault, and driving under the influence, a misdemeanor, arising out of events which occurred on November 1, 1997. Counsel Roberta Drew was appointed to represent him on the charges. On April 17, 1998, Taylor filed an Acknowledgment of Waiver of Rights by Alford Plea and, pursuant to a plea agreement, entered guilty pleas to the charges. Prior to sentencing, Taylor filed, *pro se*, a "Motion to Withdraw Plea and Appoint Effective Competent Councel [sic]." The District Court appointed counsel David Duke to represent Taylor on his motion to

2

withdraw the guilty pleas, and conducted a hearing on the motion on November 19, 1998. At the hearing, Taylor contended that Drew had not effectively represented him, and that he did not understand the nature of the "Alford" guilty pleas he had entered to the charges. The District Court entered an order concluding that Drew had provided effective assistance, that Taylor's pleas were voluntarily, intelligently and knowingly made, and that good cause did not exist to allow Taylor to withdraw his guilty pleas.

¶7 Following sentencing, Taylor appealed to this Court. Duke continued to represent Taylor on appeal, and filed an appellant's brief raising four issues, including ineffective assistance of counsel and the District Court's denial of Taylor's motion to withdraw his guilty pleas. On April 11, 2000, this Court issued an unpublished opinion which affirmed Taylor's convictions. *State v. Taylor*, 2000 MT 90N.[1]

¶8 On March 21, 2001, Taylor filed a pleading with this Court styled "Petition for Vacation from Unconstitutional Conviction," in Cause No. 01-201. Taylor argued that his trial counsel was ineffective because she had essentially forced him to plead guilty. He further suggested that there had been a conspiracy between the court and his counsel to deprive him of due process and he had been tricked into pleading guilty. Our order of April 24, 2001, stated:

> This Court has already held that Taylor's plea was voluntary. *See Taylor*, ¶¶ 8-23. Because the voluntariness of Taylor's plea was actually resolved on direct appeal, the doctrine of *res judicata* bars further review of

---

[1]On an issue unrelated to this appeal, the Court in *State v. Taylor* vacated sentencing conditions relating to registration as a violent offender and DNA testing.

3

that issue and, accordingly, we decline to address this argument in the context of Taylor's *instant* petition. [*Citations omitted.*]

We also determined that the other claims raised in Taylor's petition constituted a collateral attack on his convictions which appropriately should be brought by a petition for postconviction relief, and directed the petition to be forwarded to the Thirteenth Judicial District Court.

¶9     On May 7, 2001, Taylor filed a "Motion to Vacate Sentence Exceeding Maximum Penalty under Alford Plea Agreement" in the District Court. The District Court deemed this petition to be a petition for writ of habeas corpus, and deemed the petition forwarded from this Court to be a petition for postconviction relief. On July 20, 2001, the District Court conducted a status hearing addressing both of Taylor's filings. Taylor was in attendance. At the hearing, the District Court summarily dismissed Taylor's petitions.[2]

¶10    Taylor then appealed from the dismissal of his postconviction petition. The District Court granted his request to proceed *in forma pauperis* and appointed the Appellate Defender to represent Taylor on the appeal. On December 5, 2001, the Appellate Defender filed a motion to withdraw as counsel of record and submitted a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, referring to matters of record that might arguably support Taylor's appeal. On December 17, 2001, Taylor filed a document with this Court indicating he was satisfied with the Appellate Defender's *Anders* brief. On January 29, 2002, we entered an order denying the motion to withdraw, on the

---

[2]The District Court's denial of Taylor's petition for habeas corpus is not before the Court.

4

grounds that Taylor wished to rely on the Appellate Defender's brief, which we found had raised non-frivolous issues on appeal.

## Standard of Review

¶11 We review a district court's conclusions of law in a denial of a petition for postconviction relief to determine whether the conclusions are correct. *Dawson v. State*, 2000 MT 219, ¶ 18, 301 Mont. 135, ¶ 18, 10 P.3d 49, ¶ 18, *cert. denied*, 532 U.S. 928, 121 S.Ct. 1372, 149 L.Ed.2d 299 (2001). Discretionary rulings in postconviction proceedings are reviewed for abuse of discretion. *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9.

## Discussion

¶12 1. Did the District Court err in dismissing Taylor's request for postconviction relief without requiring a responsive pleading from the State or conducting an evidentiary hearing?

¶13 Taylor contends that the District Court erred by dismissing his postconviction filing without requiring a response from the State. Although he concedes that his petition did not provide any new evidence, he contends that he offered new information about why his guilty pleas were not voluntary which had not been previously considered by either the District Court or this Court, including contentions that the plea agreement had been altered, the sentence was excessive, and that the District Court had imposed a higher sentence in retaliation for Taylor's attempt to withdraw his guilty pleas. Taylor asserts that these claims were not record based, and therefore, pursuant to *State v. Schaff*, 2001 MT 130, 305 Mont.

5

427, 28 P.3d 1073, which reversed a district court's summary dismissal of a petition for postconviction relief, the District Court erred in summarily dismissing his petition.

¶14 The State argues that the District Court properly dismissed the petition pursuant to § 46-21-201, MCA, which provides that a district court may dismiss a postconviction petition without a responsive pleading from the State if the petition and case record conclusively demonstrate that the petitioner is not entitled to relief. The State contends that Taylor's claims that his guilty pleas were not voluntary, that he was subjected to a conspiracy which deprived him of due process, and that his sentence exceeded that which was agreed upon in the plea agreement are not new claims. Rather, the State asserts that all of the claims are record based complaints which allege ineffectiveness of Taylor's counsel and also allege that the circumstances leading up to the entry of Taylor's guilty pleas establish that he entered involuntary pleas. The State argues these matters were addressed, or could have been addressed, at the hearing on Taylor's motion to withdraw his pleas.

¶15 The State points out that Taylor's petition refers exclusively to the transcript of the change of plea hearing, and he did not present, or support with affidavits, any non-record factual allegations that would warrant further review. Finally, the State distinguishes the holding in *Schaff* by explaining that, in *Schaff*, we remanded for appointment of counsel and an evidentiary hearing on the issues of ineffective assistance of counsel and the voluntariness of the plea. Here, the District Court appointed new counsel and conducted a hearing on those issues prior to Taylor's sentencing. The District Court's denial of Taylor's motion to withdraw his pleas was then considered and affirmed on appeal.

6

¶16     We conclude that the State's argument is well taken. Taylor's lengthy postconviction petition is simply a re-argument of his contentions that his pleas were involuntary and based on ineffective assistance of counsel, issues resolved by this Court in Taylor's first appeal. Pursuant to § 46-21-105(2), MCA, Taylor cannot litigate these issues again. Further, to the extent that Taylor contends that the District Court imposed a higher sentence in retaliation for his attempt to withdraw his pleas, he offers no facts whatsoever in support of the claim.

¶17     The record allows for no other conclusion than Taylor's pleas were voluntarily entered. The District Court properly concluded that Taylor's petition raised no new issues, and therefore, a dismissal without requiring a response by the State or an evidentiary hearing, pursuant to § 46-21-201, MCA, was justified.

¶18     2. Did the District Court err by failing to appoint counsel to represent Taylor in regard to his postconviction claims?

¶19     Alternatively, Taylor claims that the District Court violated § 46-21-201(2), MCA, by not appointing counsel to represent him at the hearing conducted by the District Court, relying on this Court's decision in *Swearingen v. State*, 2001 MT 10, 304 Mont. 97, 18 P.3d 998.

¶20     Section 46-21-201(2), MCA, provides that if a postconviction hearing is required, the court shall appoint counsel for indigent petitioners. Although noting that a court may not need to conduct a hearing to consider postconviction claims, the Court held when it does so, it is obligated to appoint counsel for the petitioner. *Swearingen*, ¶ 7. Taylor thus argues that

7

he should have been appointed counsel when appearing before the District Court on July 20, 2001.

¶21   The State argues that *Swearingen* did not obligate appointment of counsel for Taylor, because the hearing on July 20, 2001, was, in reality, a status conference, and not an evidentiary hearing. The State notes that the court took no testimony or other evidence, but simply allowed Taylor an opportunity to speak in support of his petition.

¶22   A transcript of the proceeding, entitled "Hearing on Defendant's Petition . . ." was prepared. The transcript reveals that the District Court commenced the matter by asking for a status report on the two petitions filed by Taylor. No testimony or evidence was taken. The State offered no argument on the merits of the petitions. Following clarification of the nature of Taylor's filings, the District Court observed that the issues raised by Taylor appeared to have been resolved by earlier rulings by this Court, and gave opportunity for Taylor to respond.

¶23   We conclude that the "hearing" herein was conducted for perfunctory purposes, was not "required" within the meaning of § 46-21-201(2), MCA, and thus, did not mandate appointment of counsel for Taylor. It was not necessary for Taylor, in contrast with the petitioner in *Swearingen*, to present evidence or examine witnesses. Therefore, the District Court did not err by not appointing counsel for this purpose.

¶24   The District Court is affirmed.

_____
Justice

8

We concur:

_____

_____

_____

_____
Justices