No. 02-552

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 324N

THOMAS PHILLIPS,

        Defendant and Appellant,

    v.

STATE OF MONTANA,

        Plaintiff and Respondent.

APPEAL FROM:    District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Thomas Phillips, Shelby, Montana (*pro se*)

        For Respondent:

        Mike McGrath, Montana Attorney General, Micheal S. Wellenstein, Assistant
Montana Attorney General, Helena, Montana; Leo J. Gallagher, Lewis and
Clark County Attorney, Carolyn A. Clemens, Deputy Lewis and Clark County
Attorney, Helena, Montana

Submitted on Briefs:  December 5, 2002

Decided:  December 19, 2002

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Thomas Phillips pled guilty in the District Court for the First Judicial District, Lewis and Clark County, to felony theft. He was then sentenced to ten years in Montana State Prison with five years suspended and ordered to pay restitution. Phillips appeals the District Court's order regarding restitution. We affirm.

¶3 We address the following issues on appeal:

¶4 1. Whether Phillips' claims regarding restitution are time barred by § 46-21-102, MCA.

¶5 2. Whether Phillips' claims regarding restitution are procedurally barred by § 46-21-105(2), MCA, because they could have been raised on direct appeal.

## Factual and Procedural Background

¶6 On October 31, 1996, the State charged Phillips by Information with felony theft in violation of § 45-6-301(1)(c), MCA, for stealing money and cigarettes from a Mini Mart in Helena. He was also charged with making false reports to law enforcement officers, a misdemeanor, in violation of § 45-7-205(1)(a), MCA, for knowingly giving false information to law enforcement personnel in an attempt to implicate someone else in the theft.

2

¶7 Phillips subsequently entered into a plea agreement with the State in which he agreed to plead guilty to the felony theft charge and, in exchange, the State agreed to dismiss the charge of making false reports to law enforcement officers. Phillips also agreed to pay $4,000 in restitution to the victim of the theft.

¶8 On February 12, 1997, Phillips appeared in court with his counsel and pled guilty to felony theft. The District Court accepted Phillips' guilty plea and granted the State's motion to dismiss the other charge. The court then sentenced Phillips to ten years in Montana State Prison with five years suspended based upon a number of conditions including that he pay restitution. The court entered its written Judgment and Commitment on February 18, 1997.

¶9 Phillips did not appeal his conviction or sentence. On June 12, 2002, Phillips filed a petition for postconviction relief. In his petition, he claimed that he was denied due process of law when the District Court failed to follow the procedures set forth in § 46-18-242, MCA, to determine whether he had the financial resources to pay restitution. He also claimed that the District Court lacked the statutory authority to order him to pay $4,000 in restitution. The State opposed Phillips' postconviction petition arguing that the petition was barred by the one-year time limit set forth in § 46-21-102, MCA, and by § 46-21-105(2), MCA, because Phillips could have raised his claims regarding his restitution obligation on direct appeal.

¶10 On July 23, 2002, the District Court denied Phillips' petition for postconviction relief on the grounds that Phillips' claims were procedurally barred because he failed to raise them on direct appeal and that Phillips' claims were time barred by the five-year time limit set forth in § 46-21-102, MCA. The District Court also noted that "the claim in the petition makes no

3

sense in light of the fact that the restitution order and amount was agreed to by Phillips in the plea agreement." Phillips appeals.

## Standard of Review

¶11 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether the court's conclusions of law are correct. *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9 (citation omitted).

## Issue 1.

¶12 *Whether Phillips' claims regarding restitution are time barred by § 46-21-102, MCA.*

¶13 The District Court concluded that Phillips' petition for postconviction relief was time barred by the five-year time limit set forth in § 46-21-102, MCA. We agree that the District Court reached the right result in concluding that Phillips' petition is time barred, however, we conclude that the court reached that result using the wrong statutory authority.

¶14 In 1997, the Montana Legislature amended § 46-21-102, MCA, to provide that a petition for postconviction relief must be filed within one year from the time the conviction becomes final rather than the five years previously allowed by the statute. *See* Sec. 4, ch. 378, L. 1997. Section 46-21-102, MCA, now provides in pertinent part as follows:

> **When petition may be filed.** (1) Except as provided in subsection (2), a petition for the relief referred to in 46-21-101 may be filed *at any time within 1 year of the date that the conviction becomes final.* A conviction becomes final for purposes of this chapter when:
>     (a) the time for appeal to the Montana supreme court expires;
>     (b) if an appeal is taken to the Montana supreme court, the time for petitioning the United States supreme court for review expires; or

(c) if review is sought in the United States supreme court, on the date that that court issues its final order in the case. [Emphasis added.]

The one-year time bar applies to those convictions which became final after April 24, 1997, the effective date of the 1997 amendment to § 46-21-102, MCA, or within one year prior to April 24, 1997. *Morrison v. Mahoney,* 2002 MT 21, ¶ 11, 308 Mont. 196, ¶ 11, 41 P.3d 320, ¶ 11. For those postconviction petitioners whose convictions became final within one year prior to April 24, 1997, § 46-21-102, MCA, allows a one-year grace period for the filing of a petition running from the April 24, 1997 effective date, or until April 24, 1998. *Morrison*, ¶ 11.

¶15 In Phillips' case, the District Court entered its written Judgment and Commitment on February 18, 1997. Phillips did not file a direct appeal and his time for filing an appeal expired on April 21, 1997. Rule 5(b), M.R.App.P. Under, § 46-21-102(1), MCA, Phillips had until April 24, 1998, to file his petition for postconviction relief. Phillips, however, did not file his petition until June 12, 2002.

¶16 We have previously stated that the time period for filing a claim for postconviction relief under § 46-21-102(1), MCA, is a jurisdictional limit on litigation and waiver is justified only by a clear miscarriage of justice. *State v. Abe*, 2001 MT 260, ¶ 15, 307 Mont. 233, ¶ 15, 37 P.3d 77, ¶ 15 (citations omitted). The miscarriage of justice exception does not apply unless the defendant provides newly-discovered evidence that shows that the defendant is actually innocent. *State v. Rosales*, 2000 MT 89, ¶ 7, 299 Mont. 226, ¶ 7, 999 P.2d 313, ¶ 7 (citations omitted).

5

¶17 Here, Phillips has not claimed that he is actually innocent of felony theft. In fact, he pled guilty to the offense of felony theft and he is not now challenging his conviction. In his petition, Phillips merely challenges the imposition of restitution by the District Court.

¶18 Accordingly, we hold that Phillips' petition for postconviction relief is time barred by the one-year time limit set forth in § 46-21-102(1), MCA.

## Issue 2.

¶19 *Whether Phillips' claims regarding restitution are procedurally barred by § 46-21-105(2), MCA, because they could have been raised on direct appeal.*

¶20 The District Court concluded that Phillips' claims regarding restitution are procedurally barred by § 46-21-105(2), MCA, because he failed to raise those claims on direct appeal. We agree.

¶21 Section 46-21-105(2), MCA, provides in pertinent part as follows:

> When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter. Ineffectiveness or incompetence of counsel in proceedings on an original or an amended original petition under this part may not be raised in a second or subsequent petition under this part.

Postconviction relief is not intended as a substitute for a direct appeal. *In re Manula* (1993), 263 Mont. 166, 169, 866 P.2d 1127, 1129 (citations omitted). The purpose of this requirement is to preserve postconviction relief as an opportunity to explore only those issues

6

which are not properly considered on direct appeal. *See Manula*, 263 Mont. at 169, 866 P.2d at 1129.

¶22 In this case, Phillips never filed a direct appeal challenging his restitution obligation even though he could reasonably have raised his claims regarding restitution in a direct appeal. Moreover, as the State points out in its brief, the two cases that Phillips cites in support of his claims regarding restitution, *State v. Hilgers*, 1999 MT 284, 297 Mont. 23, 989 P.2d 866, and *State v. Brown* (1994), 263 Mont. 223, 867 P.2d 1098, were direct appeal cases.

¶23 Accordingly, we hold that Phillips' claims regarding restitution are procedurally barred by § 46-21-105(2), MCA, because they could have been raised on direct appeal.

¶24 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA COTTER
/S/ TERRY N. TRIEWEILER
/S/ JIM REGNIER
/S/ JIM RICE