No. 03-417

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 152

ROBIN CLAY KALLOWAT,

       Petitioner and Appellant,

  v.

STATE OF MONTANA,

       Respondent and Respondent.


APPEAL FROM:    District Court of the Twentieth Judicial District,
                    In and for the County of Sanders, Cause No. DV 2002-62,
                    The Honorable C. B. McNeil, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

          Robin Kallowat (pro se), Deer Lodge, Montana

       For Respondent:

          Hon. Mike McGrath, Attorney General; Ilka Becker,
          Assistant Attorney General, Helena, Montana

          Robert Zimmerman, Sanders County Attorney, Thompson Falls, Montana


                Submitted on Briefs:  December 19, 2003

                         Decided:  June 15, 2004

Filed:


                            Clerk

Justice John Warner delivered the Opinion of the Court.

¶1    Robin Kallowat was convicted of Felony DUI, Driving while License Suspended or Revoked, and Felony Bail Jumping in the Twentieth Judicial District Court, Sanders County. He appealed to this Court which affirmed his conviction. *State v. Kallowat*, 2000 MT 354N. Kallowat then filed a petition for a writ of habeas corpus in the United States District Court, District of Montana. That court advised him that he had not exhausted all of his available state court remedies and ordered him to do so before refiling in federal court. Obeying that order, Kallowat filed a petition for writ of habeas corpus in the Montana Supreme Court which ordered his petition re-filed in the District Court as a petition for post-conviction relief. The District Court denied the motion for post-conviction relief. We affirm the District Court.

¶2    Kallowat raises four issues on appeal.

¶3    1. Whether his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

¶4    2. Whether his arrest was lawful.

¶5    3. Whether he was denied effective assistance of counsel because his counsel did not prosecute an appeal on his behalf in the federal courts.

¶6    4. Whether his conviction was unconstitutional because the prosecution failed to disclose exculpatory evidence.

¶7    Denial of a petition for post-conviction relief is reviewed to determine whether the District Court's findings of fact are clearly erroneous and whether its conclusions of law are

2

correct. *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9. Review of a claim of ineffective assistance of counsel is de novo. *State v. Turner*, 2000 MT 270, ¶ 47, 302 Mont. 69, ¶ 47, 12 P.3d 934, ¶ 47.

¶8 In his first direct appeal to this Court, the issue decided was whether the person who arrested Kallowat had probable cause to do so. Subsequent to arresting Kallowat, the arresting officer was found to have had a felony conviction prior to being hired as a police officer, thus making his legal employment status questionable. The District Court found, and this Court affirmed, that though the officer's legal status as a peace officer was questionable, he had probable cause, as a private citizen, to arrest Kallowat.

¶9 In his motion for post-conviction relief Kallowat filled eighteen of twenty-four pages with allegations relating to whether the arresting officer was qualified to be an officer thereby making the search of his vehicle unconstitutional; whether there was an immediate need to arrest if the officer was in fact acting in his capacity as private citizen; and whether existing circumstances justified his arrest. In his brief to this Court Kallowat reiterates these arguments. The arguments presented by Kallowat are completely subsumed within the issue addressed by this Court in his first appeal, therefore, the doctrine of res judicata, codified at § 46-21-105(2), MCA, bars any further consideration of them.

¶10 Kallowat's second argument is that his appointed counsel ineffectively represented him in failing to 1) represent him in his post-conviction proceedings, and 2) follow his instruction to file an appeal in the federal courts. In the first instance, two separate attorneys were appointed consecutively to represent Kallowat in his post-conviction proceedings. The

3

first, Chad Wright of the Montana Appellate Defender's Office, moved to withdraw because of an excessively large caseload. The second, Carolyn Gill, moved to withdraw citing no discernable basis that would entitle Kallowat to relief. The court granted both motions to withdraw and then granted Kallowat's motion to proceed *pro se*. Review of the record shows no error in these decisions.

¶11 With respect to appealing to the federal courts, Kallowat does not specify who it is he claims failed to appeal on his behalf. However, even if he had named the allegedly offending lawyer, appointed counsel in criminal cases are only required to represent the accused until such time as a final judgment has been rendered, including any direct appeal to the Montana Supreme Court. Section 46-8-103(1), MCA. Kallowat's appointed trial counsel represented him through his first appeal and was not obligated to represent him further.

¶12 Kallowat's final argument in the District Court consisted solely of the following statement: "Petitioner complains in his fourth ground that his conviction was obtained by the unconstitutional failure of the prosecution to disclose to him evidence favorable to him." The District Court dismissed this portion of the petition for failure to meet the pleading requirements of § 46-21-104, MCA, which requires petitioner to identify all facts supporting the allegation in addition to attaching any affidavits, records, or other evidence that support those facts. In his brief to this Court, Kallowat expands the allegation stating that the State did not inform him prior to his trial that the officer had a prior criminal record, and that had he known "this fact would have been submitted to the jury . . . and had the jury been aware

4

of [the officer's] prior criminal record, in all probability, this case would have had a different verdict." This highly speculative conclusion does not address the pleading deficiencies pointed out by the District Court and is not supported by the record. Further, we do not address issues raised for the first time on appeal because it is unfair to fault the trial court on an issue it was never given opportunity to consider. *In re Marriage of Killpack*, 2004 MT 55, ¶ 10, 320 Mont. 186, ¶ 10, 87 P.3d 393, ¶ 10.

¶13 The order denying Kallowat's petition for post-conviction relief is affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE