FILED

08/31/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0558

DA 20-0558

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 220N

RYAN PATRICK SULLIVAN,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 20-1132
Honorable Michael G. Moses, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Ryan Patrick Sullivan, Self-Represented, Billings, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

Scott Twito, Yellowstone County Attorney, Sarah Hyde, Deputy County
Attorney, Billings, Montana

Submitted on Briefs:  June 9, 2021

Decided:  August 31, 2021

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ryan Patrick Sullivan (Sullivan) appeals the October 8, 2020 Order of the Thirteenth Judicial District Court, Yellowstone County, denying his petition for postconviction relief without an evidentiary hearing. Sullivan asserts the District Court erred in denying his petition as procedurally barred and by failing to hold an evidentiary hearing.[1] We affirm.

¶3 In October 2018, Sullivan pled guilty to aggravated assault and obtained a five-year deferred sentence. The judgment of conviction was entered November 23, 2018 and became final 60 days later on January 22, 2019. Sullivan did not appeal the judgment of conviction, nor did he seek review from the Sentence Review Division.

¶4 In October 2019, the State petitioned to revoke Sullivan's deferred sentence based on allegations he contacted the victim in violation of a permanent order of protection. On May 21, 2020, the District Court granted the State's petition. At a dispositional and sentencing hearing held October 1, 2020, Sullivan was sentenced for aggravated assault for a term of 20 years with ten years suspended and an eight-year parole restriction.

---

[1] To the extent that Sullivan raises new issues in his appeal not raised in his original petition to the District Court, the Court declines to consider them. M. R. App. P. 6(1).

2

¶5    On August 31, 2020, Sullivan filed a petition for postconviction relief entitled "Motion to Challenge the Validity of Sentence." The District Court denied Sullivan's petition as untimely and unverified as required by §§ 46-21-102 and 46-21-103, MCA.

¶6    We review a district court's denial of a petition for postconviction relief to determine whether its findings of fact are clearly erroneous and whether its conclusions of law are correct. *Lacey v. State*, 2017 MT 18, ¶ 13, 386 Mont. 204, 389 P.3d 233. We review discretionary rulings in postconviction proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion. *Sartain v. State*, 2012 MT 164, ¶ 43, 365 Mont. 483, 285 P.3d 407.

¶7    Postconviction relief is a statutory remedy and should not serve as a substitute for direct appellate review. *See State v. Hanson,* 1999 MT 226, ¶¶ 14–16, 296 Mont. 82, 988 P.2d 299. As such, statutes for postconviction relief "are demanding in their pleading requirements." *Ellenburg v. Chase*, 2004 MT 66, ¶ 12, 320 Mont. 315, 87 P.3d 473. Section 46-21-105(1), MCA, provides that all grounds for relief under § 46-21-101, MCA, "must be raised in the original or amended original petition," or are otherwise waived. *Brown v. State*, 277 Mont. 430, 438, 922 P.2d 1146, 1151 (1996).

¶8    A postconviction claim for relief that could have been reasonably raised on direct appeal is procedurally barred under § 46-21-105(2), MCA. This Court has consistently applied "the statutory bar 'in order to prevent the abuse of postconviction relief by criminal defendants who would substitute those proceedings for direct appeal and in order to preserve the integrity of the trial and direct appeal.'" *Hanson*, ¶ 14 (quoting *In re Manula*, 263 Mont. 166, 169, 866 P.2d 1127, 1129 (1993)). Sullivan did not appeal the judgment

3

of conviction entered November 23, 2018, nor did he seek a Sentence Review as allowed by § 46-18-901, MCA. The District Court correctly denied Sullivan's petition as procedurally barred.

¶9 Section 46-21-103, MCA, requires that a postconviction relief petition be "verified," in which the petitioner must "confirm or substantiate [it] by oath or affidavit" in order to "assure good faith in a party's averments or statements." *Hanson*, ¶ 21 (citing *United States ex rel. Echevarria v. Silberglitt*, 441 F.2d 225, 226-27 (2d Cir. 1971). Sullivan's petition was not accompanied by an oath or affidavit, and thus fails to satisfy the "verified petition" requirement of § 46-21-103, MCA.

¶10 A petition for postconviction relief must contain more than "mere conclusory allegations." *Ellenburg*, ¶ 16. Section 46-21-104(1)(c), MCA, requires a petition to "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA. Sullivan's petition, while referencing facts in a general sense, did not provide with specificity facts supporting the relief requested, nor any records or documentation to establish the existence of those facts. Thus, Sullivan's petition also fails to satisfy the statutory requirements under § 46-21-104, MCA.

¶11 A petition for postconviction relief must be filed within one year of the date the conviction became final. Section 46-21-102(1), MCA. The judgment of conviction became final on January 22, 2019. Sullivan did not initiate this postconviction relief proceeding until August 2020, after the one-year deadline.

4

¶12 Under § 46-21-102(2), MCA, a party may file an untimely petition if alleging the existence of "newly discovered evidence" that would establish "in light of the evidence as a whole . . . that petitioner did not engage in the criminal conduct . . . ." Section 46-21-102(2), MCA. What Sullivan characterizes as "newly discovered evidence" is a conversation he alleges he had with the victim on September 26, 2018, in which she stated the State pressured her into filing for an order of protection, and a January 10, 2020 motion to dismiss that his counsel filed. Not only were both incidents known to Sullivan prior to his sentencing, but Sullivan also fails to provide any support for his assertion that this evidence would establish he did not commit the crime of which he was convicted. Therefore, the § 46-21-102(2), MCA, exception to the one-year time limit has not been met. The District Court correctly dismissed Sullivan's petition as untimely.

¶13 The District Court did not abuse its discretion in resolving Sullivan's postconviction relief proceeding without an evidentiary hearing. A court may dismiss a petition without holding an evidentiary hearing "if the procedural threshold set forth in § 46-21-104(1)(c), MCA, is not satisfied." *Herman v. State*, 2006 MT 7, ¶ 15, 330 Mont. 267, 127 P.3d 422. The District Court reasoned in its order that Sullivan's petition was procedurally inadequate; it was filed after the one-year deadline, there was no newly discovered evidence uncovered, and the petition was not verified. The District Court's reasoning does not amount to an abuse of discretion.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of

5

applicable standards of review.  The District Court's interpretation and application of the law were correct.  The District Court's ruling without an evidentiary hearing was not an abuse of discretion.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE