No. 00-160

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 79

STATE OF MONTANA,

Plaintiff and Respondent,

v.

PAUL KENNETH JENKINS,

Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

Honorable Dorothy McCarter, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Edmund F. Sheehy, Jr., Cannon & Sheehy, Helena, Montana

For Respondents:

Honorable Joseph P. Mazurek, Attorney General; Jim Wheelis, Assistant

Attorney General, Helena, Montana

Mike McGrath, County Attorney, Helena, Montana

Submitted on Briefs: November 2, 2000
Decided: May 1, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 On February 24, 1995, Paul Kenneth Jenkins (Jenkins) and his co-defendant, Freddie Joe Lawrence (Lawrence), were each convicted of deliberate homicide, aggravated kidnaping and robbery. This Court affirmed their convictions in *State v. Lawrence* (1997), 285 Mont. 140, 948 P.2d 186, and *State v. Jenkins* (1997), 285 Mont. 140, 948 P.2d 204. Following his appeal, Jenkins petitioned for postconviction relief, alleging that he was denied effective assistance of counsel because his trial counsel failed to make an objection at trial, on confrontation grounds, to the introduction of out-of-court statements made by his wife to police. The District Court denied his petition for postconviction relief, and Jenkins now appeals. We affirm.

FACTUAL BACKGROUND

¶2 The facts of the underlying conviction are set out in *Lawrence* and *Jenkins.* The case stems from the 1994 kidnaping and homicide of Donna Meagher, a bartender at the Jackson Creek Saloon in Montana City. Extensive publicity and a substantial reward for information led police to Lawrence, Jenkins and Jenkins' wife, Mary (Mary), who was a witness to the crime.

¶3 The police interviewed Mary five times. During these interviews, she made several statements inculpating Jenkins and Lawrence but also was unable to recall many details of the night in question. Mary has been diagnosed with dementia related to Alzheimer's disease and suffers from periodic memory lapses. In some interviews, she answered questions with declarative statements of fact. In others, even when asked the same or similar questions, Mary responded that she did not know or could not remember.

¶4 The District Court held a pretrial hearing to assess Mary's competency to testify. Dr. William Stratford, a psychiatrist retained by the defendants, testified that Mary's memory was profoundly impaired. Despite this infirmity, the trial court concluded that Mary knew

the difference between truth and falsity, could express herself in court and was competent to testify. *Lawrence*, 285 Mont. at 156-57, 948 P.2d at 196. Jenkins did not appeal the trial court's determination of competency. Although he initially raised the issue in his petition for postconviction relief, he has since abandoned the issue on appeal.

¶5 At trial, Mary testified for the State. On direct examination, the prosecution asked her many of the same or similar questions asked of her during her pretrial interviews. Although she answered some questions definitively, most of her testimony was that she did not know or could not remember. On cross-examination, Mary often retracted the definitive answers she gave on direct, saying again that she could not remember. She testified that she could remember the circumstances of some interviews, but not others. *Lawrence*, 285 Mont. at 156, 948 P.2d at 196. Following her testimony, the District Court allowed the prosecution to introduce the content of Mary's pretrial statements through the testimony of the interviewing officers under Rule 801(d)(1)(A), M.R.Evid., Montana's prior inconsistent statement exception to the hearsay rule. *Lawrence*, 285 Mont. at 156-57, 948 P.2d at 196. Both defendants objected to admission of these statements on evidentiary grounds.

¶6 On appeal, Jenkins claimed that the District Court erred when it admitted evidence of Mary's prior statements under the prior inconsistent statement exception to the hearsay rule. Jenkins also claimed that Mary's memory loss effectively precluded effective cross-examination and admission of her prior statements denied his Sixth Amendment right to confront witnesses against him. This Court held that the District Court properly admitted Mary's prior statements under Rule 801(d)(1)(A), M.R.Evid., and our holding in *State v. Devlin* (1991), 251 Mont. 278, 281-82, 825 P.2d 185, 187. *Lawrence*, 285 Mont. at 159, 948 P.2d at 197. Since no objection had been made to the introduction of Mary's statements on confrontation grounds, we held that the issue had not been properly preserved for appellate review. *Lawrence*, 285 Mont. at 163, 948 P.2d at 200; *Jenkins*, 285 Mont. at 138, 948 P.2d at 208.

¶7 In his petition for postconviction relief, Jenkins claims he was denied effective assistance of counsel because his attorney should have objected to the admission of Mary's testimony on confrontation grounds, thereby preserving the issue for appeal. The District Court denied Jenkins' petition, holding that there was no confrontation clause violation and an objection, if made, would not have affected the outcome of the trial. It is this ruling that Jenkins now appeals.

## ISSUE

¶8 Did his attorney's failure to object to the admission of Mary's prior statements, on confrontation grounds, deny Jenkins effective assistance of counsel?

## STANDARD OF REVIEW

¶9 The standard of review of a district court's denial of a petition for postconviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Charlo*, 2000 MT 192, ¶ 7, 300 Mont. 435, ¶ 7, 4 P.3d 1201, ¶ 7; *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9.

## DISCUSSION

¶10 The crux of Jenkins' petition is that his trial counsel was ineffective because she failed to preserve the confrontation clause issue for appeal. He argues that Mary's poor memory precluded the full and effective cross-examination required by the confrontation clause and a timely objection would have changed the outcome of the trial. The State responds that Jenkins' trial counsel was not ineffective because an objection on confrontation grounds would have correctly been denied. Jenkins' right to confront witnesses, the State insists, was satisfied by his opportunity to cross-examine Mary and to demonstrate to the jury her poor and unreliable memory. We agree.

¶11 In considering ineffective assistance of counsel claims, whether on direct appeal or in a postconviction proceeding, we apply the two-pronged test set forth by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed.2d 674. See *Dawson v. State*, 2000 MT 219, ¶ 20, 301 Mont. 135, ¶ 20, 10 P.3d 49, ¶ 20. *Strickland*'s two-part test requires the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced the defense and deprived the defendant of a fair trial. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L. Ed.2d at 693. Where the ineffective assistance of counsel claim is predicated on a failure to object at trial, the defendant must show that an objection would have been proper and would have been sustained. *State v. Rogers* (1993), 257 Mont. 413, 421, 849 P.2d 1028, 1033; *Kills on Top v. State* (1995), 273 Mont. 32, 51, 901 P.2d 1368, 1380. Therefore, in order to prevail in his ineffective assistance of counsel claim, Jenkins must show that the introduction of Mary's pretrial statements violated his right to confront witnesses against him.

¶12 The confrontation clause of the Sixth Amendment provides that the accused has the right "to be confronted with the witnesses against him." This protection applies to criminal prosecutions in both state and federal courts. See *Pointer v. Texas* (1965), 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (applying the Sixth Amendment to the states). Historically, the primary object of the clause was to prevent prosecution on the basis of depositions or *ex parte* affidavits. See *Mattox v. United States* (1895), 156 U.S. 237, 242-43, 15 S.Ct. 337, 339, 39 L.Ed. 409. More recent decisions have addressed the kind of out-of-court statements that give rise to confrontation clause issues and the opportunity for cross-examination required to comport with a defendant's right to confront witnesses against him.

¶13 The United States Supreme Court addressed the implications of admitting prior inconsistent statements on a defendant's right to confrontation in *California v. Green* (1970), 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489. In *Green*, the defendant was charged with supplying drugs to Porter for resale. Porter testified at Green's preliminary hearing, naming Green as his supplier. At trial, despite admitting he made the earlier statement, Porter testified that he was unable to remember how he obtained the drugs because he was on LSD at the time. Porter's preliminary hearing testimony was admitted as substantive evidence under the prior inconsistent statement exception to the hearsay rule, and Green was convicted. On review, the Supreme Court concluded that the "Confrontation Clause is not violated by admitting a declarant's out-of-court statements, *as long as the declarant is testifying as a witness* and subject to full and effective cross-examination." *Green*, 399 U.S. at 158, 90 S.Ct. at 1934-35, 26 L.Ed.2d at 497 (emphasis added). Our own cases adhere to this general rule. See *State v. Maier*, 1999 MT 51, ¶ 20, 293 Mont. 403, ¶ 20, 977 P.2d 298, ¶ 20; *State v. Charlo* (1987), 226 Mont. 213, 215, 735 P.2d 278, 279; *State v. Bell* (1987), 225 Mont. 83, 90, 731 P.2d 336, 341; *State v. Pease* (1986), 222 Mont. 455, 463, 724 P.2d 153, 158; *State v. Fitzpatrick* (1980), 186 Mont. 187, 204, 606 P.2d 1343, 1352-53.

¶14 Jenkins maintains, citing the United States Supreme Court's recent decision in *Lilly v. Virginia* (1999), 527 U.S.116, 119 S.Ct. 1887, 144 L.Ed.2d 117, that the confrontation clause prohibits admission of out-of-court statements unless they fall within a firmly-rooted hearsay exception. He contends that the prior inconsistent statement exception to the hearsay rule is not a firmly-rooted hearsay exception and that an objection on confrontation grounds, if made, would have been sustained. We disagree. Jenkins cites a rule from *Lilly* that is inapplicable to his case.

¶15 *Lilly* is the most recent in a long line of cases interpreting and applying the rule originally set out in *Ohio v. Roberts* (1980), 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597. In *Roberts,* the Supreme Court held that, *when the declarant is unavailable to testify at trial*, the confrontation clause permits the introduction of out-of-court statements only when they fall within a firmly-rooted hearsay exception or contain such particularized guarantees of trustworthiness that adversarial testing would be expected to add little, if anything, to the statement's reliability. *Roberts*, 448 U.S. at 66, 100 S.Ct. at 2539, 65 L. Ed.2d at 68. The *Lilly* Court expanded upon the meaning of "a firmly-rooted hearsay exception" and applied it to statements admitted under the "against penal interest" exception to Virginia's hearsay rule. *Lilly*, 527 U.S. at 126, 119 S.Ct. at 1895, 144 L.Ed.2d at 128. However, the rule set out in *Lilly*, like that in *Roberts,* applies only to situations in which the hearsay declarant is unavailable to testify at trial. See *Roberts*, 448 U.S at 58, 100 S.Ct. at 2535, 65 L.Ed.2d at 602; *Lilly*, 527 U.S. at 124, 119 S.Ct. at 1894, 144 L. Ed.2d at 127. Unlike the situation in *Lilly*, the declarant in Jenkins' case, his wife Mary, was available to testify at trial and was subject to cross-examination. We conclude, on this basis, that the rule from *Green*, cited above, is the correct rule.

¶16 Although Mary was clearly available for cross-examination, the question remains whether her memory loss so affected Jenkins' ability to cross-examine as to make a critical difference in the application of the confrontation clause. The *Green* Court specifically declined to address this question. *Green*, 399 U.S. at 168-69, 90 S.Ct. at 1940-41, 26 L. Ed.2d at 502-03. The question, however, finally came before the United States Supreme Court in *United States v. Owens* (1988), 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951.

¶17 *Owens* dealt with the admission of a pretrial identification when the declarant was available to testify but could no longer remember seeing the defendant or the circumstances of his identification. The declarant, John Foster (Foster), a federal correctional officer, was attacked and beaten with a metal pipe. As a result, he remained hospitalized for almost a month and suffered severe memory loss. While hospitalized, Foster made a statement to an FBI agent investigating the crime. Foster named Owens as his attacker and identified him from a photo array.

¶18 At trial, Foster testified on direct that he clearly remembered identifying Owens as his assailant during the agent's hospital interview. On cross-examination, however, he admitted that he could not remember seeing his assailant at the time of the attack. He also admitted that, despite receiving numerous visitors during his hospital stay, he was unable to remember any of them except the FBI agent. The agent was allowed to testify about

Foster's prior identification. *Owens*, 484 U.S. at 556, 108 S.Ct. at 841, 98 L.Ed.2d at 956. On appeal, Owens claimed that, where a witness is unable to explain the basis for his prior out-of-court statement because of memory loss, admission of testimony concerning that statement violates the confrontation clause of the Sixth Amendment.

¶19 The United States Supreme Court held that the confrontation clause guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish. *Owens*, 484 U.S. at 559, 108 S.Ct. at 842, 98 L.Ed.2d at 957 (citing *Kentucky v. Stincer* (1987), 482 U.S. 730, 739, 107 S.Ct. 2658, 2664, 96 L.Ed.2d 631, 643). The *Owens* Court stated:

> the Confrontation Clause includes no guarantee that every witness called by the prosecution will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion. To the contrary, the Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose these infirmities through cross-examination. . . . It is sufficient that the defendant has the opportunity to bring out such matters as the witness's bias, his lack of care and attentiveness, his poor eyesight, and even . . . the very fact that he has a bad memory. [Citations omitted.]

*Owens, 484 U.S. at 558-59, 108 S.Ct. at 842, 98 L.Ed.2d at 957-58. This Court adopted the language and holding of Owens in State v. Maier, 1999 MT 51, 293 Mont. 403, 977 P.2d 298.*

¶20 The record before us indicates that Mary suffers from Alzheimer's related memory loss but that the trial court determined she was competent to testify. She appeared at trial and was subject to unrestricted cross-examination. Jenkins had ample opportunity to demonstrate her inability to recall events, and the jury had an opportunity to observe her testimony and judge the reliability of her memory-both as it pertained to her in-court and prior out-of-court statements. We conclude, therefore, that Jenkins had the full and fair opportunity for cross-examination required by *Owens*.

¶21 Admission of Mary's prior inconsistent statements did not violate Jenkins' right to confront witnesses against him because she was available to testify and subject to unrestricted cross-examination. Under the United States Supreme Court's decision in *Owens*, Jenkins' right to confront witnesses against him was honored in that he had the opportunity to cross-examine and to demonstrate Mary's unreliable memory to the jury. Jenkins has failed to show that an objection on confrontation grounds would have been

sustained and, therefore, has failed to show that his trial counsel prejudiced his defense by not preserving the issue for appeal.

¶22 We conclude that the District Court correctly determined that Jenkins was not denied effective assistance of counsel and correctly denied his petition for postconviction relief.

¶23 The order of the District Court is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ JAMES C. NELSON