CHIEF JUSTICE McGRATH
delivered the Opinion of the Court.
¶1 Johnnie Lee Foston was convicted by a Missoula County jury of two counts of felony distribution of dangerous drugs (cocaine) in violation of §45-9-101, MCA. He received a sentence of twenty years in the Montana State Prison on each count, to run consecutively, with the sentence on the second count suspended.
¶2 Foston presents the following issues for review:
¶3 Issue One: Whether this Court should exercise plain error review to address Foston’s claim that law enforcement officers improperly used electronic monitoring of the drug transactions.
¶4 Issue Two: Did the District Court improperly admit the testimony by one of the law enforcement officers that the conversations he overheard between Foston and the undercover informant were consistent with drug transactions?
PROCEDURAL AND FACTUAL BACKGROUND
¶5 Foston came to the attention of law enforcement officers in Missoula County as a person who may be selling cocaine. Detective Newell of the Sheriffs Department made arrangements for a confidential informant (Cl) to make controlled drug purchases from Foston. Newell had been with the Sheriffs Office for fifteen years, and had worked on the drug task force the entire time. These purchases were coordinated by Newell and were conducted under the surveillance of several law enforcement officers. Some of the interactions between Foston and the Cl took place in motel rooms in which the officers had installed video and audio monitoring devices that allowed them to hear and see what occurred in the rooms.
¶6 A controlled buy occurred on April 20, 2007. Newell was with the Cl when she called Foston and arranged to buy two ounces of cocaine for $2,800. Foston and the Cl arranged to conduct the sale at the Cl’s motel room, where the officers had installed a radio transmitter and video camera that allowed them to hear and observe activity in the room. Newell gave the Cl marked bills to make the drug buy.
¶7 On the afternoon of April 20 the officers in a room adjacent to the Cl’s room observed Foston arrive at the motel in his vehicle. They saw him walk past their room to the Cl’s room and knock on the door. *87 Through the video camera the officers saw the Cl give Foston money for the drugs. The officers then watched Foston leave the motel and followed his car to the home of Demetrius Smith. The officers saw Foston enter the Smith house and then return to the motel where he met the Cl in a parking lot across the street. Immediately after Foston left the scene the Cl delivered two ounces of cocaine to Newell.
¶8 The next controlled buy occurred on May 2,2007, again at a motel with the same Cl, and with officers providing visual and electronic surveillance from an adjacent room. Officers observed Foston arrive, enter the Cl’s room and leave. He returned and met the Cl outside in a vehicle. When the Cl returned to the motel room she delivered cocaine to the officers. A subsequent search of the Smith house recovered a gun, drugs and some of the money the Cl had used to buy the drugs from Foston. Smith testified that he held drugs and money for Foston. At trial the State did not present the testimony of the Cl or the recordings of any of the transactions.
STANDARD OF REVIEW
¶9 This Court will undertake review of matters not raised at the trial court level only in narrow circumstances assessed on a case-by-case basis. Those include situations where failing to review the alleged error may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial, or may compromise the integrity of the judicial process. State v. English, 2006 MT 177, ¶ 66, 333 Mont. 23, 140 P.3d 454.
¶10 We review issues involving the admission of evidence for an abuse of discretion. State v. Mizenko, 2006 MT 11, ¶ 8, 330 Mont. 299, 127 P.3d 458.
DISCUSSION
¶11 Issue One: Whether this Court should exercise plain error review to address Foston’s claim that law enforcement officers improperly used electronic monitoring of the drug transactions. Foston urges reversal of his conviction based on the decision in State v. Goetz, 2008 MT 296, 345 Mont. 421, 191 P.3d 489, where this Court held that warrantless electronic monitoring and recording of face to face conversations between informants and defendants in the defendants’ home, in the absence of an exception to the warrant requirement, violates Article II, Sections 10 and 11 of the Montana Constitution. Goetz, ¶ 54.
¶12 Foston did not make any warrant-based objection to the electronic *88 surveillance at his trial, and the Goetz case was decided after Foston’s conviction. Foston filed a motion to stay this appeal and to remand his case to the District Court to determine whether an officer’s purported testimony regarding Foston’s conversations with the Cl should have been suppressed based upon Goetz. After receiving briefs, we denied the motion, declining to retroactively apply the Goetz holding to Foston’s case. The determinative factor was that Foston’s case was not “similarly situated” with the Goetz case because Foston had not objected to the electronic surveillance on warrant grounds at trial. We concluded that none of the exceptions to the contemporaneous objection requirement applied. See State v. Carter, 2005 MT 87, ¶¶ 13-19, 326 Mont. 427, 114 P.3d 1011.
¶13 On appeal, Foston makes a brief and conclusory assertion that this Court should undertake plain error review of the Goetz issue, citing Carter. Foston has not provided any substantial reason why he is entitled to plain error review, and this issue was decided in the order denying his motion to stay and remand. Goetz does not apply to Foston’s case for the reasons stated in our October 29, 2008, Order in this matter.
¶14 Issue Two: Did the District Court improperly admit testimony by one of the law enforcement officers as to whether Foston’s conversations with the Cl were consistent with drug transactions? Foston broadly contends that Officer Newell was improperly allowed to testify as to the contents of Foston’s conversations with the Cl that Newell heard through the use of the electronic monitoring. However, Foston does not cite any such specific testimony by Newell, and we find none. While the prosecutor asked Newell to recount statements made by the Cl or by Foston, Foston’s attorney objected and ultimately Newell never answered those questions. Newell did not testify as to the content of conversations or statements by Foston or the Cl.
¶15 Newell did testify at length about the controlled drug buy transactions between Foston and the Cl, as noted in the facts summarized above. This testimony was primarily based upon direct observations that Newell and other officers made of the comings and goings of Foston and the Cl, upon Newell’s providing the money for the drug buys, and upon recovering from the Cl the drugs that Foston sold her. At the end of this testimony, Newell was asked whether the conversations he overheard were “consistent with”his “understanding of a drug deal” and he answered that they were.
¶16 On appeal the parties disagree as to the legal significance of Newell’s “understanding of a drug deal” answer. The District Court *89 admitted the testimony, over objection, as a present sense impression under M. R. Evid. 803(1). Foston contends that the testimony was hearsay and not admissible as a statement of present sense impression. On appeal the State does not argue that Newell’s testimony was admissible under Rule 803(1). The State argues that the testimony was Newell’s opinion and was not hearsay because it was not a recounting of a statement of Foston or the CL The State also argues that in any event if admission of the testimony was error, it was harmless error.
¶17 We do not endorse the District Court’s reliance upon M. R. Evid. 803(1) as a ground for admitting Newell’s testimony. Newell’s answer was a statement of his opinion based upon his personal observation of transactions that the jury did not hear or see, admissible under M. R. Evid. 701. Under that rule a witness who is not an expert may testify in the form of inferences or opinions that are rationally based on the witness’ perceptions and that are helpful to a clear understanding of the witness’ testimony or the determination of a fact in issue. This Court has upheld admission of opinion testimony by law enforcement officers. Onstad v. Payless Shoesource, 2000 MT 230, ¶ 39, 301 Mont. 259, 9 P.3d 38, rev’d in part on other grounds, Johnson v. Costco, 2007 MT 43, 336 Mont. 105, 152 P.3d 727; State v. Frasure, 2004 MT 305, ¶¶ 17-18, 323 Mont. 479, 100 P.3d 1013; Hall v. Rasmussen, 261 Mont. 328, 335-36, 863 P.2d 389, 394 (1993). If the jury is capable of understanding the facts without the witness’ opinion, the opinion is not admissible. State v. Webb, 243 Mont. 368, 373-74, 792 P.2d 1097, 1100 (1990). Since the jury never heard or saw the conversations between Foston and the Cl, Newell’s opinion as to what he heard and saw were helpful to a clear understanding of his testimony. United States v. Freeman, 498 F.3d 893, 901-02 (9th Cir. 2007).
¶18 In addition, at trial the State presented ample evidence from which the jury could conclude that Foston was selling cocaine, wholly independent from the one answer by Newell that whatever he overheard was consistent with a drug deal. Independently of the electronic surveillance, the officers knew that the Cl had arranged to meet Foston to buy drugs, that she was given marked bills to do so, and that she delivered cocaine to them immediately after meeting Foston. The officers saw Foston coming to the motel, and heard him knocking of the door of the Cl’s room. They saw him leaving the Cl’s room and they followed him to the Smith residence where they found drugs, a gun, and cash that included the marked bills that had been provided to the Cl to make the drug buys. Smith testified that he held *90 the drugs and money for Foston. Since the State presented ample evidence to support the conclusion that Foston had engaged in drug sales, any error was harmless beyond a reasonable doubt. State v. Strauss, 2003 MT 195, ¶ 25, 317 Mont. 1, 74 P.3d 1052.
¶19 In the context of this evidence and the entirety of the testimony presented at trial, N ewell’s statement of his opinion that the Cland Foston had conducted drug deals was cumulative and harmless, if it was error. Freeman, 498 F.3d at 905-06.
¶20 We affirm.
JUSTICES WARNER, LEAPHART, COTTER, RICE and MORRIS concur.