DA 10-0272

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 281

JOHNNIE LEE FOSTON,

        Petitioner and Appellant,

  v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
                     In and For the County of Missoula, Cause No. DV 10-525
                     Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Johnnie Lee Foston (self-represented), Shelby, Montana

        For Appellee:

                Steve Bullock, Montana Attorney General; Mark W. Mattioli, Assistant
                Attorney General, Helena, Montana

                Fred R. Van Valkenburg, Missoula County Attorney; Andrew W. Paul,
                Deputy County Attorney, Missoula, Montana

                             Submitted on Briefs:  December 8, 2010

                                  Decided:  December 28, 2010

Filed:

                         _____
                                  Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Appellant Johnnie Lee Foston (Foston) appeals from an order of the Fourth Judicial District Court, Missoula County, denying his petition for postconviction relief.  We affirm.

¶2     We review the following issue on appeal:

¶3     *Whether Foston's trial counsel's failure to object to the State's introduction of warrantless electronic surveillance of Foston constituted ineffective assistance of counsel that entitles Foston to postconviction relief.*

## FACTUAL AND PROCEDURAL HISTORY

¶4     The State of Montana (State) charged Foston with three counts of felony distribution of dangerous drugs.  The State's case relied on information gathered by law enforcement officers who had monitored extensively Foston's activities.  Detective Scott Newell of the Missoula County Sheriff's Department (Detective Newell) arranged a confidential informant (CI) to make controlled drug purchases from Foston.  Law enforcement officers observed interactions between Foston and the CI on multiple occasions.  Some of the interactions between Foston and the CI took place in motel rooms in which the officers had installed video and audio monitoring devices that allowed them to hear and to see what occurred in the motel room.  The officers also had observed drug trafficking activity without any video or audio surveillance.

¶5     The State did not present the CI's testimony or any recorded surveillance at trial.  Detective Newell did testify, however, that the activity that he had observed through the video and audio monitoring was consistent with "his understanding of a drug deal."  Foston

2

objected to that statement. The court allowed the testimony as Detective Newell's present sense impression under M. R. Evid. 803(1). The State never attempted to introduce the audio and video recordings at trial.

¶6 The State presented evidence beyond the electronic surveillance to make its case against Foston. Officers observed Foston entering and leaving a motel room where the CI had been waiting to purchase drugs from Foston. Officers gave the CI marked bills to purchase the drugs. The CI gave the officers drugs that she had purchased from Foston with the marked bills. Officers followed Foston's car after one arranged buy and searched a residence where Foston had travelled. The search revealed drugs, excessive amounts of cash, and a semiautomatic handgun. Serial numbers on the cash found at the residence matched serial numbers on the cash that officers had given to the CI to purchase drugs from Foston. The owner of the residence testified that drugs and the majority of the $8,900 in cash found at the residence belonged to Foston. The owner of the residence also testified that he knew that some of the cash was likely drug money.

¶7 A jury convicted Foston of two counts of felony distribution of dangerous drugs in violation of § 45-9-101, MCA. Foston appealed. *See State v. Foston*, 2009 MT 191, 351 Mont. 85, 209 P.3d 262. Foston asked the Court to reverse his conviction based on our subsequent decision in *State v. Goetz*, 2008 MT 296, 345 Mont. 421, 191 P.3d 489. We held in *Goetz* that warrantless electronic monitoring and recording of face to face conversations between informants and defendants in the defendants' home, in the absence of an exception to the warrant requirement, violated Montana Constitution Article II, Sections 10 and 11.

3

*Foston*, ¶ 11; *Goetz*, ¶ 54.

¶8 We did not decide *Goetz* until after Foston's trial had finished. The Court refused to apply *Goetz* retroactively to Foston's case, in part, because Foston's counsel had not objected at trial to the electronic surveillance on warrant grounds. *Foston*, ¶ 12. The Court also concluded that the District Court should not have relied on M. R. Evid. 803(1) to allow Detective Newell's testimony regarding the electronic surveillance. *Foston*, ¶ 17. The Court deemed Detective Newell's statement harmless, however, in light of other independent evidence presented at trial. *Foston*, ¶ 19.

¶9 Foston filed a *pro se* petition for postconviction relief on the grounds that his trial counsel's failure to object to the warrantless electronic surveillance denied him effective assistance of counsel. The District Court concluded that Foston's counsel had not provided ineffective assistance when counsel failed to object to lawful evidence based on settled state and federal law. The court denied Foston's petition. Foston appeals.

STANDARD OF REVIEW

¶10 We review a district court's findings of fact for clear error in postconviction relief proceedings and its conclusions of law for correctness. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 361. Ineffective assistance of counsel claims present mixed questions of law and fact that this Court reviews de novo. *Worthan v. State*, 2010 MT 98, ¶ 8, 356 Mont. 206, 232 P.3d 380. We will not review arguments that a petitioner presents for the first time on appeal. *Ford v. State*, 2005 MT 151, ¶ 12, 327 Mont. 378, 114 P.3d 244; *State v. Belanus*, 2010 MT 204, ¶ 17, 357 Mont. 463, 240 P.3d 1021.

4

DISCUSSION

¶11 Foston raises several new issues on appeal that we decline to address. *Ford*, ¶ 12, *Belanus*, ¶ 17. We focus solely on whether Foston's counsel rendered ineffective assistance of counsel in failing to object at trial to the introduction of warrantless electronic surveillance. We apply the two-part test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), to determine whether counsel rendered ineffective assistance. *Worthan*, ¶ 10. The defendant must demonstrate that counsel's representation was deficient, and that counsel's deficiency prejudiced the defense. *Id.* A petitioner who argues that trial counsel's failure to object rendered counsel ineffective must show that counsel's trial objection would have been proper and that the court likely would have sustained the objection. *Ford*, ¶ 7; *State v. Jenkins*, 2001 MT 79, ¶ 11, 305 Mont. 95, 23 P.3d 201; *Kills on Top v. State*, 273 Mont. 32, 51, 901 P.2d 1368, 1380 (1993).

¶12 A petitioner for postconviction relief must prove by a preponderance of evidence that he or she is entitled to relief. *Herman v. State*, 2006 MT 7, ¶ 44, 330 Mont. 267, 127 P.3d 422. The court must determine whether, in light of all the circumstances, the identified acts or omissions fell outside the wide range of professionally competent assistance. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. This Court has recognized that every effort must be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Whitlow*, ¶ 15 (citing *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). The petitioner cannot rely on subsequently decided case law to render an attorney's conduct ineffective at

5

the time of trial. *Hans v. State*, 283 Mont. 379, 402, 942 P.2d 674, 688 (1997), *overruled in part on other grounds*, *Whitlow*, ¶ 13. Courts do not require counsel to anticipate future decisions. *Strickland,* 466 U.S. at 690, 104 S. Ct. at 2066.

¶13 Foston must show that his counsel's objection at trial would have been proper and that the trial court likely would have sustained the objection. *Ford*, ¶ 7; *Jenkins*, ¶ 11. Foston's counsel could not have made a *Goetz* objection to the admission or warrantless electronic surveillance because *Goetz* had not yet been decided. Counsel could have objected to the electronic surveillance on constitutional grounds. Foston has not established, however, that the trial court likely would have sustained the objection. We cannot rely upon future decisions to determine whether a trial court would have sustained an earlier objection. *Hans*, 283 Mont. at 402, 942 P.2d at 688.

¶14 Foston's counsel's failure to object fell well within the wide range of professionally competent assistance when counsel relied on state and federal case law at the time of trial. We do not require counsel to convince the district court or this Court to overrule relevant precedent in order to avoid rendering ineffective assistance of counsel. Foston has not demonstrated that his counsel's representation was deficient, therefore, we do not need to address whether the alleged deficiency prejudiced Foston's defense.

¶15 Affirmed.

/S/ BRIAN MORRIS

We Concur:

6

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON