**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHNNIE LEE FOSTON,

               Petitioner - Appellant,

  v.

SAM LAW, Warden and ATTORNEY
GENERAL OF THE STATE OF
MONTANA,

               Respondents - Appellees.

No. 12-35612

D.C. No. 9:11-cv-00036-DWM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted November 6, 2013
Portland, Oregon

Before: ALARCÓN, M. SMITH, and HURWITZ, Circuit Judges.

    Johnnie Lee Foston appeals from the district court's decision dismissing his

28 U.S.C. § 2254 federal habeas corpus petition. Detective Scott Newell opined at

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

trial that conversations between Foston and a confidential informant ("CI") were consistent with his understanding of a drug deal. The CI did not testify and her identity was never revealed to Foston. The district court concluded that Detective Newell's testimony did not violate the Confrontation Clause, as interpreted by the Supreme Court in *Crawford v. Washington*, 541 U.S. 36 (2004). We have jurisdiction to review Foston's appeal under 28 U.S.C. § 2253, and we affirm.

I

Foston contends that this court should review his claim de novo because the Montana Supreme Court's decision denying his direct appeal did not adjudicate his federal claim on the merits. "When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted." *Johnson v. Williams*, ___ U.S. ___, 133 S. Ct. 1088, 1096 (2013).

Foston has failed to rebut that presumption. His federal claim was "intertwined with" his state claim; they were "delineated under a single heading in [his brief on appeal], supported by identical facts and without distinct analysis." *Bell v. Uribe*, 729 F.3d 1052, 1058 (9th Cir. 2013). Even though the Montana Supreme Court did not mention the Confrontation Clause or *Crawford*, it implicitly

rejected his federal claim when it concluded that "Newell did not testify as to the content of conversations or statements by Foston or the CI." *State v. Foston*, 209 P.3d 262, 264 (Mont. 2009); *see also Davis v. Washington*, 547 U.S. 813, 823–25 (2006) (holding that the Confrontation Clause is only violated by the admission of testimonial statements). Because Foston has not rebutted the *Williams* presumption, we apply AEDPA deference in reviewing the merits of his federal habeas corpus petition.

II

Foston contends that the Montana Supreme Court erred in affirming the admission of Detective Newell's testimony. The Montana Supreme Court's implicit decision that *Crawford* is not applicable under the facts in this record is not contrary to or an unreasonable application of clearly established law, as decided by the United States Supreme Court. Accordingly, the district court properly denied Foston's petition under 28 U.S.C. § 2254(d)(1).

III

We cannot reach the contentions raised in Foston's supplemental brief regarding alleged violations of due process because he failed to exhaust them. 28 U.S.C. § 2254(b)(1)(A); *see Rose v. Palmateer*, 395 F.3d 1108, 1110 (9th Cir. 2005) ("To satisfy the exhaustion requirement, [the petitioner] must have fairly

presented this claim in the state courts in order to give them the 'opportunity to pass upon and correct alleged violations' of his rights." (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004))).

**AFFIRMED.**