FILED

07/06/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0322

DA 20-0322

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 169N

TYLER JACK SNIDER,

> Petitioner and Appellant,

v.

STATE OF MONTANA,

> Respondent and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fourteenth Judicial District, In and For the County of Musselshell, Cause No. DV 20-04 Honorable Randal I. Spaulding, Presiding Judge |

COUNSEL OF RECORD:

> For Appellant:
>
> Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana
>
> For Appellee:
>
> Austin Knudsen, Montana Attorney General, C. Mark Fowler, Assistant Attorney General, Helena, Montana
>
> Kevin Peterson, Musselshell County Attorney, Roundup, Montana

Submitted on Briefs: June 2, 2021

Decided: July 6, 2021

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Petitioner and Appellant Tyler Jack Snider (Snider) appeals from the April 23, 2020 Order of the Fourteenth Judicial District Court, Musselshell County, summarily denying and dismissing his petition for postconviction relief (PCR) without a hearing. Snider asserts the District Court erred in not recusing itself from the case and in summarily denying his petition for PCR without hearing.

¶3 Snider pled guilty to two counts of assault with a weapon in 2016. The District Court sentenced him as a persistent felony offender, on each count imposing a 40-year prison sentence and restricting parole eligibility for 20 years, with the sentences to run concurrently. Snider reserved the right to appeal particular issues—violation of speedy trial, violation of due process rights relating to admission of a jailhouse informant's letter, and the imposition of two information technology fees, rather than one. Snider presented these issues on appeal and was unsuccessful, with the exception of remanding the matter to the District Court to strike one of the two technology fees imposed at sentencing. *State v. Snider*, 2018 MT 258, 393 Mont. 166, 429 P.3d 268.

¶4 On January 22, 2020, Snider filed a pro se petition for PCR asserting judicial bias, ineffective assistance of counsel (IAC), failure of the prosecutor to disclose material, mental health/sanity issues, and denial of access to legal books or a law library.

¶5 We review judicial disqualification determinations de novo to determine whether the district court's decision was correct under the Montana Code of Judicial Conduct. *Draggin' Y Cattle Co. v. Addink*, 2016 MT 98, ¶ 10, 383 Mont. 243, 371 P.3d 970. We review the denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and if its conclusions of law are correct. *Lacey v. State*, 2017 MT 18, ¶ 13, 386 Mont. 204, 389 P.3d 233. Ineffective assistance of counsel claims are mixed questions of law and fact that we review de novo. *Lacey*, ¶ 13.

¶6 Postconviction proceedings are limited proceedings that are governed by the statutory requirements in Title 46, chapter 21, MCA. *See Lacey*, ¶ 15. Section 46-21-104, MCA, lays out specific requirements for the contents of the petition. A PCR petition must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA. The petitioner must show, by a preponderance of the evidence, the facts justify the relief. *Heath v. State*, 2009 MT 7, ¶ 16, 348 Mont. 361, 202 P.3d 118. A petition for postconviction relief must include a supporting memorandum with appropriate legal arguments, citations, and discussion of authorities. Section 46-21-104(2), MCA.

¶7 A petition for postconviction relief may not raise, and a court reviewing such petition may not consider or decide, any "grounds for relief that were or could reasonably have been raised on direct appeal[.]" Section 46-21-105(2), MCA.

¶8 A claim of ineffective assistance of counsel requires a petitioner show "counsel's performance was deficient" and "the deficient performance prejudiced the" petitioner. *Lacey*, ¶ 23 (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). To demonstrate the representation was deficient, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Lacey*, ¶ 24 (quoting *Whitlow v. State*, 2008 MT 140, ¶ 14, 343 Mont. 90, 183 P.3d 861). "There is a strong presumption that the attorney's performance fell within the wide range of reasonable professional assistance." *State v. Llamas*, 2017 MT 155, ¶ 26, 388 Mont. 53, 402 P.3d 611 (citing *Whitlow*, ¶ 14). "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, *viewed as of the time of counsel's conduct*." *Lacey*, ¶ 28 (emphasis and alteration in original) (quoting *Strickland*, 466 U.S. at 690, 103 S. Ct. at 2066). Thus, a "petitioner cannot rely on subsequently decided case law to render an attorney's conduct ineffective at the time of trial." *Lacey*, ¶ 28 (quoting *Foston v. State*, 2010 MT 281, ¶ 12, 358 Mont. 469, 245 P.3d 1103).

¶9 Over time, Snider has repeatedly attempted to disqualify Judge Spaulding. His first attempt in 2016 was denied as moot. *State v. Snider*, No. PR 06-0120, Order (Mont. Sept. 12, 2016). Snider then sought rehearing, which was likewise denied. *State v. Snider*,

4

No. PR 06-0120, Order (Mont. Oct. 18, 2016). On January 24, 2020, after Snider filed his pro se petition for PCR, his mother, purportedly under a grant of his power of attorney to her, filed a motion for disqualification of Judge Spaulding supported by an earlier affidavit made by Snider which had previously been filed on August 25, 2016. On January 29, 2020, this Court denied the motion for disqualification of Judge Spaulding for various insufficiencies. *Snider v. State*, No. PR 20-0011, Order (Mont. Jan. 29, 2020). Although the State asserts the motion was improperly filed as Snider's mother is not an attorney and, based on the January 29, 2020 Order of this Court denying the motion, the issue is precluded by res judicata, the District Court addressed Snider's claims of judicial bias. From our review of the record, we concur with the District Court that Snider has not provided supporting evidence in his PCR petition aside from a passing reference to his motion and prior affidavit to support his claim of judicial bias or prejudice. Although Judge Spaulding has had prior professional interaction with Snider—having previously represented, prosecuted, and sentenced him in different matters—the record does not support allegations of judicial bias or prejudice against Snider and Snider's PCR petition fails to make even a prima facie showing of such. The District Court did not err when it did not recuse itself from this case.

¶10 Snider next asserts the District Court abused its discretion in failing to authorize discovery or hold an evidentiary hearing based on claims of IAC related to failing to file motions and spend more time with him, prosecutorial misconduct, speedy trial, and mental health/sanity matters.

5

¶11    From our review of the record, Snider failed to lay out specific facts supporting grounds for the relief he seeks with citation to records or evidence establishing those facts. Section 46-21-104(1)(c), MCA.  In support of his claims of IAC, Snider sets forth only generalized, broad statements regarding trial counsel—i.e., "failed to & refused to file motions for me or on my behalf," "told me unnecessary delay was the same as speedy trial," "failed to put anything on the record to help my appeal"—and other self-serving conclusory statements— i.e., "neither attorney met with me for enough time for the severity of my case" and "informed [my attorney] we couldn't get a fair trial with Judge Spaulding." Snider's PCR petition is devoid of any evidence that the broad deficiencies he asserts regarding his counsel prejudiced him.  He does not state how any motion or evidence counsel failed to present had any basis in law or fact or how he was prejudiced by the failure to present such.  He does not identify what counsel should have placed on the record to help his appeal or how counsel's failure to do so could have assisted with his appeal.  He does not identify what more would have been accomplished by counsel meeting with him more.

¶12    On direct appeal, Snider asserted speedy trial issues.  This Court denied his appeal on this issue noting it was unsupported by testimony or evidence.  While Snider asserts his counsel was ineffective in failing to preserve his speedy trial claim, he does not say how they were deficient in this regard.  In his PCR petition, Snider also asserted failure of the prosecutor to disclose material, mental health problems, and lack of access to legal research.  These broad allegations are likewise inadequately supported.  He does not

6

articulate what material was not disclosed or how such violated Montana's discovery statutes or how his counsel failed to act effectively with regard to discovery. Although he provided, "I was unstable because of the constant switching of my meds" he fails to provide any link between his mental health issues and decisions he made or how his counsel was ineffective in protecting him or asserting his rights. Although Snider may not have had access to legal research when preparing his PCR petition, he does not articulate how that precluded him from laying out specific facts supporting grounds for the relief he seeks with citation to records or evidence establishing those facts. The District Court properly determined that Snider's claims of IAC failed.

¶13 In sum, Snider's argument is that as a pro se litigant at the time of filing his PCR petition, the District Court should have permitted discovery or held an evidentiary hearing rather than summarily dismiss the petition. While Snider's appellate counsel does a good job of glossing over the glaring inadequacies of Snider's PCR petition to make this argument, it remains that Snider's petition for PCR fails to raise a prima facie showing supporting PCR.

¶14 The District Court's order is well-reasoned, thorough, and supported by the record. Given the limited scope of postconviction relief proceedings, there is no basis in either law or fact to overturn the District Court's judgment in this matter.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶16    Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE